Case 3:02-cv-00543-MRK    Document 32-8    Filed 11/07/2003    Page 1 of 20

The form of the petition shall be substantially as follows:

> We, the undersigned electors of the City of Hartford, hereby present (here insert the name and residence address of the elector presented for nomination) for nomination to the office of (here insert the title of the office) at the primary election to be held (here insert the date of the primary election) and we individually certify that we are electors of the City of Hartford residing at the addresses set opposite our names and that we have not signed more petitions presenting for nomination candidates for the said office than we are entitled to vote for in the ensuing primary election. (Here follows the signatures and addresses as follows) Signature—Number—Street—Voting precinct.

No candidate for the board of education on whose behalf valid petitions have been filed with the city clerk shall be permitted to withdraw his name as a candidate later than ten (10) days before the date of the primary election.

(c) *Affidavit of circulator.* The signatures to a petition presenting a candidate for nomination need not all be appended to one (1) paper but to each separate petition paper there shall be attached an affidavit of the circulator of that paper in substantially the following form:

Hartford County

State of Connecticut

> (Here insert the names and residence address of the circulator of petition paper), being duly sworn, deposes and says that he is an elector of the City of Hartford, that he is the circulator of the foregoing petition paper containing (here insert the number of signatures on such petition paper) signatures, that the said signatures were made in his presence, and that they are the signatures of the persons whose names they purport to be.

Signed _____

Subscribed and sworn to before me this _____ day of _____, 19\_\_\_\_.

Justice of the Peace (or Notary Public)

(d) *Determination of sufficiency.* The city clerk shall, upon the filing of any such petition, proceed forthwith to determine its sufficiency by comparing the name of the candidate and the signatures thereon with the latest official lists of the registrars of voters, and he shall employ such assistance as may be necessary to conclude his examination of all petitions within not more than fifteen (15) days from the final date for filing the same. If, on his examination of the petitions, the clerk shall find that any elector has signed petitions for more candidates for any office than the elector is entitled to vote for at the ensuing primary election, the clerk shall count the signature of such elector only on the petitions first filed, bearing the signature of such elector, up to the number of candidates for whom the elector is entitled to vote. If the city clerk finds the petition sufficient, the name of the candidate presented therein shall be put on the voting machines at such primary election. If said clerk finds the petition insufficient, he shall notify the candidate in writing forthwith and no further proceedings shall be had thereon except in accordance with an order of a judge of the superior court of Hartford County to whom an appeal may be taken from the decision of the city clerk.
(Sp. Laws 1947, Act No. 30, Ch. IV, § 3; Res. of 11-8-55; Sp. Laws 1961, Act No. 224; Ord. No. 28-67, 11-7-67)

### Sec. 4. Alphabetical arrangement of names of candidates.

The names of the candidates for each office at both the primary election and the general municipal election shall be arranged on the voting machines in the alphabetical order of their surnames. (Sp. Laws 1947, Act No. 30, Ch. IV, § 4; Res. of 11-8-55; Ord. No. 28-67, 11-7-67)

### Sec. 5. Breaking a tie.

When, as the result of any general municipal, primary or special election held under the provi-

sions of this chapter, it is necessary to break a tie, a special election, confined to the tied candidates, shall be held, if the tie occurs at a primary on the seventh day following such primary election and if at any other election on the fourteenth day following such election. In order to make voting machines available for such election authority is given to unlock all voting machines concerning the returns from which there is no disagreement. If in any precinct voting machines are for any reason unavailable at any general municipal, primary or special election the use of paper ballots in such precinct is prescribed and such ballots shall be prepared, printed and furnished as provided in the general statutes.
(Sp. Laws 1947, Act No. 30, Ch. IV, § 5; Ord. No. 28-67, 11-7-67)

### Sec. 6. Registrars of voters and selectmen.

(a) There shall be elected at a town and city meeting to be held coincidentally with the general state election on the Tuesday after the first Monday in November, 1968, and biennially thereafter, two (2) registrars of voters for whom no elector shall vote for more than one (1) and no more than one (1) of whom shall be a member of the same political party. The terms of registrars of voters shall be for two (2) years from the first Wednesday after the first Monday in January following their election until the Wednesday following the first Monday of the third January succeeding their election.

(b) There shall be elected at a town and city meeting to be held on the Tuesday after the first Monday in November, 1969, and biennially thereafter, five (5) selectmen for whom no elector shall vote for more than three (3). The terms of selectment elected on the Tuesday after the first Monday in November, 1969, shall run from the date of their election until the first Monday of the third January succeeding their election. The terms of selectmen elected in the bienial elections held after 1969 shall be for two (2) years from the first Monday in January following their election until the first Monday of the third January succeeding their election.
(Sp. Laws 1947, Act No. 30, Ch. IV, § 6; Sp. Laws 1961, Act No. 219; Ord. No. 28-67, 11-7-67; Ord. No. 29-69, § 2, 5-21-69; Sp. Laws 1969, Act No. 148, § 1)

　Editor's note—Ord. No. 9-72, adopted March 13, 1972, codified as § 12-5 of Pt. II, Code of Ordinances, increased the terms of office for registrars of voters from two years to four years.

### Sec. 7. Constables.

There shall be elected at a town and city meeting to be held on the Tuesday following the first Monday in November, 1971, and biennially thereafter, seven (7) constables, for whom no elector shall vote for more than four (4), for terms of two (2) years. The terms of constables elected on the Tuesday following the first Monday in November, 1971, shall run from the date of their election until the first Tuesday in the third December following their election. The terms of constables elected in the biennial elections held after 1971 shall be for two (2) years from the first Tuesday in December following their election until the first Tuesday of the third December following their election.
(Sp. Laws 1947, Act No. 30, Ch. IV, § 7; Ord. No. 28-67, 11-7-67; Ord. No. 29-69, § 2, 5-21-69; Sp. Laws 1969, Act No. 148, § 2)

### Sec. 8. Qualifications of elective officers.

In addition to such other qualifications as may be required by law all elective officers of the city shall be electors of the city at the time of their election and if any such officer shall cease to be a resident of the city his office shall be deemed vacant.
(Sp. Laws 1947, Act No. 30, Ch. IV, § 8; Ord. No. 28-67, 11-7-67)

### Sec. 9. Special elections.

Special elections when required under the provisions of this charter or by the general statutes shall be called and warned by the council. Such a special election may be held coincidentally with the general state election.
(Sp. Laws 1947, Act No. 30, Ch. IV, § 9; Ord. No. 28-67, 11-7-67)

### Sec. 10. Registration, admission and qualification of electors.

The provisions of the general statutes pertaining to registration of electors and admission and qualification of electors shall apply.
(Ord. No. 28-67, § 11-7-67)

### Sec. 11. Sessions for admission of electors, applications.

The provisions of section 9-53 of the general statutes, as amended, shall apply to sessions of the selectmen and city clerk to examine the qualifications of electors and to admit to the elector's oath those who shall be found qualified, except that before the general municipal election provided for under section 2 of this chapter no session shall be held on the Saturday of the sixth week or on the Saturday of the fourth week but such sessions shall be held on the Wednesday, Thursday, Friday and Saturday of the third week before such election. All provisions of the general statutes relating to sessions of the selectmen and city clerk for the admission of electors, not in conflict with the provisions of this charter, shall apply to all sessions to be held by them. Any application made to either registrar of voters for enrollment upon the caucus list of any political party or for any erasure or transfer from or to such list, unless the application shall be made in person at the office or usual place of business of such registrar, shall be accompanied by an affidavit sufficient to prove the identity, residence and signature of such applicant.
(Ord. No. 31-69, 7-8-69; Sp. Laws 1969, Act No. 266)

## CHAPTER V. CITY MANAGER

### Sec. 1. Appointment and qualifications.

The council shall appoint a city manager which appointment shall be made solely on the basis of his executive and administrative qualifications with special reference to his actual experience in or knowledge of accepted practice in respect of the duties of his office.
(Sp. Laws 1947, Act No. 30, Ch. V, § 1; Ord. No. 28-67, 11-7-67)

### Sec. 2. Acting city manager.

In the absence or disability of the city manager or if the office becomes vacant for any reason the corporation counsel shall act as city manager until the city manager returns to duty or a successor is appointed and qualified.
(Sp. Laws 1947, Act No. 30, Ch. V, § 2; Ord. No. 28-67, 11-7-67)

### Sec. 3. To be chief executive officer.

The city manager shall be the chief executive officer of the city and shall be responsible to the council for the administration of all departments and agencies of the city government except in those cases where the head of the department or agency is appointed by the council or elected by the people. He shall have power to supervise, direct and control the operation of all departments and agencies under his jurisdiction.
(Sp. Laws 1947, Act No. 30, Ch. V, § 3; Ord. No. 28-67, 11-7-67)

### Sec. 4. Power of appointment and removal.

The city manager shall appoint the heads of all departments, except as otherwise provided in this charter, and such other officers and employees of the city as this charter or an ordinance of the council consistent therewith may provide. He shall have power to remove any officer or employee appointed by him, except a member of the classified service, provided the officer or employee shall have been served with a written notice of the intention of the city manager to remove him, containing a clear statement of the grounds for such removal and of the time and place, not less than ten (10) days after the service of such notice, at which he shall be given the opportunity to be heard thereon. After such hearing, which shall be public at the option of such officer or employee, the action of the city manager shall be final. The city manager may suspend from duty for not more than thirty (30) days any such officer or employee pending final action.
(Sp. Laws 1947, Act No. 30, Ch. V, § 4; Ord. No. 28-67, 11-7-67)

### Sec. 5. Temporary transfers of personnel between departments.

The city manager shall also have power, whenever the interests of the city require, to assign any employee of one (1) department to the tempo-

rary performance of similar duties in another department.
(Sp. Laws 1947, Act No. 30, Ch. V, § 5; Ord. No. 28-67, 11-7-67)

### Sec. 6. Duties.

It shall be the duty of the city manager:

(a) To attend meetings of the council with the right to speak but not to vote;

(b) To keep the council informed of the financial condition of the city and of all other matters pertaining to its proper administration, and to make recommendations concerning action to be taken by the council;

(c) To prepare and submit the annual budget to the council as provided in Chapter VI of this charter;

(d) To prepare and submit to the council not later than its first meeting in June of each year a concise and comprehensive report of the financial transactions and administrative activies of the city government during the fiscal year ending on the preceding thirty-first day of March, in suitable form for publication, and to cause to be printed for general distribution to all citizens on request such number of copies of the same as the council shall direct but in no case less than one thousand (1,000);

(e) To perform such other duties as may be prescribed by this charter or required of him by the council.

(Sp. Laws 1947, Act No. 30, Ch. V, § 6; Ord. No. 28-67, 11-7-67)

### Sec. 7. Traffic authority.

The city manager shall be the traffic authority of the city as defined in the general statutes. He shall appoint a traffic engineer and such assistants as may be provided by ordinance and in consultation with such engineer may adopt rules and regulations for the control of traffic and parking not inconsistent with the general statutes and ordinances of the city. The traffic engineer shall make studies of traffic accidents and congestion and other conditions affecting the safe and convenient use of the streets.
(Sp. Laws 1947, Act No. 30, Ch. V, § 7; Ord. No. 28-67, 11-7-67)

## CHAPTER VI. BUDGET*

### Sec. 1. Fiscal year.

(a) The fiscal year of the city government shall begin on the first day of April in each year and end on the last day of the succeeding March.

(b) In the event the council enacts revision of said fiscal year pursuant to the general statutes, the council shall revise the preparation, submission and adoption dates related to the budget and tax review periods to conform with the revised fiscal year.
(Sp. Laws 1947, Act No. 30, Ch. VI, § 1; Ord. No. 28-67, 11-7-67)

### Sec. 2. Submission of the budget and public hearing.

(a) *Submission.* On or before the third Monday in January of each year the city manager shall submit to the council through the city clerk:

(i) An annual or current expense budget, hereafter referred to as the budget, which shall be a complete financial plan for the ensuing fiscal year, consisting of the budget proper and the budget message; and

(ii) A capital budget.

(b) *Public hearing.* Upon receipt of said budget, the city clerk shall transmit copies to the council forthwith and shall call a public hearing on the budget to be held by the council no less than seven (7) days nor more than ten (10) days after its submission. Notice of the date, time and place of said hearing shall be published within three (3) days after the submission of the budget in the manner provided herein for the publication of ordinances.
(Sp. Laws 1947, Act No. 30, Ch. VI, § 2; Ord. No. 28-67, 11-7-67)

---

*Editor's note—Chapter VI of the charter has been rendered obsolete by the adoption of the uniform fiscal year. See § 2-231 et seq. of the Municipal Code.

**Sec. 3. Scope of annual budget.**

The budget shall contain:

(a) An estimate of all revenue cash receipts anticipated from sources other than the tax levy of the ensuing fiscal year;

(b) An estimate of the general fund cash surplus at the end of the current fiscal year or of the deficit to be made up by appropriation;

(c) The estimated expenditures necessary for the operation of the several departments, offices and agencies of the city;

(d) Debt service requirements for the ensuing fiscal year;

(e) An estimate of the sum required to be raised by the tax levy for the ensuing fiscal year, assuming a rate of collection not greater than the average rate of collection in the year of levy for the last three (3) completed fiscal years; and

(f) A balanced relation between the total estimated expenditures and total anticipated revenue cash receipts, taking into account the estimated general fund cash surplus or deficit at the end of the current fiscal year.

All estimates shall be in detail showing revenues by sources and expenditures by organization units, activities, character and object. The budget shall be so arranged as to show comparative figures for receipts and expenditures for prior years and for the current year and the city manager's recommendations for the ensuing year.
(Sp. Laws 1947, Act No. 30, Ch. VI, § 3; Ord. No. 28-67, 11-7-67)

**Sec. 4. The budget message.**

The budget message shall contain the recommendations of the city manager concerning the fiscal policy of the city, a description of the important features of the budget plan, an explanation of all major increases or decreases in budget recommendations as compared with prior years, and a summary of the proposed budget showing comparisons similar to those required in the budget proper, itemized by principal sources of revenue and the main heads of expenditure.
(Sp. Laws 1947, Act No. 30, Ch. VI, § 4; Ord. No. 28-67, 11-7-67)

**Sec. 5. Departmental estimates.**

The head of every department, office or agency shall submit to the city manager, at such date as the city manager shall determine, estimates of revenue and expenditure for that department, office or agency. Such estimates shall be submitted upon forms furnished by the city manager and shall contain all information which he may require. The city manager shall review the estimates and in preparing the budget may revise them as he may deem advisable, except that in the case of the department of education he shall have power to revise only the total estimated expenditure.
(Sp. Laws 1947, Act No. 30, Ch. VI, § 5; Ord. No. 28-67, 11-7-67)

**Sec. 6. Appropriation and tax levy ordinances.**

At the same time that he submits the budget the city manager shall also introduce an appropriation ordinance and an ordinance making a levy in mills upon all the ratable estate within the city for the ensuing fiscal year. The appropriation ordinance shall be based on the budget but need not be itemized further than by departments and the major divisions thereof and by each independent office and agency and by the principal objects of expenditure. Neither of the above ordinances shall be acted upon until after the adoption of the budget. The hearing upon the budget shall be taken to be the hearings upon the appropriation and tax levy ordinances.
(Sp. Laws 1947, Act No. 30, Ch. VI, § 6; Ord. No. 28-67, 11-7-67)

**Sec. 7. Budget a public record.**

Both parts of the budget shall be a public record in the office of the city clerk and shall be open to public inspection. The budget message shall be printed by the city manager for general distribution at the time of its submission to the council, and sufficient copies of the budget proper shall be

made available at the same time for the use of the council and the public.
(Sp. Laws 1947, Act No. 30, Ch. VI, § 7; Ord. No. 28-67, 11-7-67)

### Sec. 8. Changes by the council.

(a) After the conclusion of such public hearing, but not later than the twenty-first day of February, the council may insert new items of expenditures or may increase, decrease or strike out items of expenditure, except that no item of appropriation for debt service shall be reduced. The council shall not alter the city manager's estimates of receipts. It may, however, decrease the amount of the tax levy for the ensuing fiscal year as proposed by the city manager in proportion to such decrease in the total of expenditures proposed by the city manager as it may have determined. If it shall increase the total proposed expenditures such increase shall be reflected in full in the tax rate.

(b) On or before the twenty-first day of February, the council shall submit the budget or the budget as amended to the mayor for certification in accordance with the provisions of Chapter III hereof.
(Sp. Laws 1947, Act No. 30, Ch. VI, § 9; Ord. No. 28-67, 11-7-67)

### Sec. 9. Adoption of the budget.

Upon approval, reduction and/or disapproval, of budgetary provisions by the mayor, but not later than the last day of February, the council shall adopt the budget, the appropriation ordinance and tax levy ordinance. If it fails to adopt the budget by that date the budget as certified by the mayor shall be deemed to be the budget of the city for the ensuing fiscal year and expenditures shall be made in accordance therewith. The council shall thereupon adopt the appropriation ordinance and the ordinance making a tax levy in accordance with the budget adopted.
(Sp. Laws 1947, Act No. 30, Ch. VI, § 10; Ord. No. 28-67, 11-7-67)

### Sec. 10. Effective date of budget, certification, printing.

Following the last day of February the budget shall be in effect for the ensuing fiscal year and a copy thereof, together with the appropriation ordinance certified by the mayor and the city clerk, shall be filed with the director of finance. Sufficient printed copies of the budget and appropriation ordinance so certified shall be made available for the use of all departments, office and agencies of the city government and the public.
(Sp. Laws 1947, Act No. 30, Ch. VI, § 11; Ord. No. 28-67, 11-7-67)

### Sec. 11. Work program and allotments.

After the annual appropriation ordinance has been adopted and before the beginning of the fiscal year the head of each department, office or agency, except the department of education, shall submit to the city manager in such form as he shall prescribe a work program which shall show the requested allotments of the appropriations for such department, office or agency for the entire fiscal year by monthly or quarterly periods as the city manager may direct. Before the beginning of the fiscal year the city manager shall approve, with such amendments as he shall determine, the allotments for each such department, office or agency, and shall file the same with the director of finance, who shall not authorize any expenditure to be made from any appropriation except on the basis of approved allotments. The aggregate of such allotments shall not exceed the total appropriation available to said department, office or agency for the fiscal year. An approved allotment may be revised during the fiscal year in the same manner as the original allotment was made. If at any time during the fiscal year the city manager shall ascertain that the revenue cash receipts for the year, plus general fund cash surplus from the preceding year, will be less than the total appropriations, he shall reconsider the work programs and allotments of the several departments, offices and agencies, and revise the allotments so as to forestall the incurring of a deficit.
(Sp. Laws 1947, Act No. 30, Ch. VI, § 12; Ord. No. 28-67, 11-7-67)

### Sec. 12. Transfers of appropriations.

The city manager may at any time transfer any unencumbered appropriation balance or portion thereof from one (1) classification of expenditure to another within the same department, office or

agency. At the request of the city manager, but only within the last three (3) months of the fiscal year, the council may by resolution transfer any unencumbered appropriation balance or portion thereof from one (1) department, office or agency to another.
(Sp. Laws 1947, Act No. 30, Ch. VI, § 13; Ord. No. 28-67, 11-7-67)

### Sec. 13. Additional appropriations.

Appropriations in addition to those contained in the budget, except for the purpose of meeting a public emergency as provided in subsection (d) of section 1 of Chapter II of this charter, shall be made only on the recommendation of the city manager and only if the director of finance certifies that there is available general fund cash surplus sufficient to meet such appropriation.
(Sp. Laws 1947, Act No. 30, Ch. VI, § 14; Ord. No. 28-67, 11-7-67)

### Sec. 14. Appropriations to lapse at close of year.

Any portion of an annual appropriation remaining unexpended and unencumbered at the close to the budget year shall lapse.
(Sp. Laws 1947, Act No. 30, Ch. VI, § 15; Ord. No. 28-67, 11-7-67)

### Sec. 15. Certification of funds, penalties for violation.

No payment shall be made and no obligation incurred against any allotment or appropriation unless the director of finance shall first certify that there is a sufficient unexpended and unencumbered balance in such allotment or appropriation to meet the same. Every expenditure or obligation authorized or incurred in violation of the provisions of this charter shall be void. Every payment made in violation of the provisions of this charter shall be deemed illegal and all officials who shall knowingly authorize or make such payment or take part therein and all persons who shall knowingly receive such payment or any part thereof shall be jointly and severally liable to the city for the full amount so paid or received. If any officer or employee of the city shall knowingly incur any obligation or shall authorize or make any expenditure in violation of the provisions of this charter or take part therein such action shall be cause for his removal.
(Sp. Laws 1947, Act No. 30, Ch. VI, § 16; Ord. No. 28-67, 11-7-67)

### Sec. 16. Capital budget.

As a part of the budget message or as a separate report attached thereto the city manager shall present a program, previously considered by the city planning commission as provided in Chapter XIX (formerly XVIII) of this charter, of proposed capital projects for the ensuing fiscal year and for the four (4) fiscal years thereafter. Estimates of the cost of such projects shall be submitted by each department, office or agency annually in the same manner as estimates of other budgetary requirements are prepared for the city manager. The city manager shall recommend to the council those projects to be undertaken during the ensuing fiscal year and the method of financing the same. The council may levy annually a tax of not more than two (2) mills to be assessed upon the ratable estate within the city at the same time as the regular annual taxes for city expenses, for the benefit of a fund to be known as "The Capital Improvement Fund" established for the purpose of paying the cost of capital improvements for which the city is authorized by this charter to issue bonds and for no other purpose. The proceeds of such levy shall be kept by the city treasurer in a special bank account until invested as provided in Chapter IX of this charter. The council shall have power to transfer from time to time to the capital improvement fund any portion of the general fund cash surplus not otherwise appropriated. Appropriations for construction or other permanent improvements, from whatever source made, shall not lapse until the purpose for which the appropriation was made shall have been accomplished or abandoned, provided any project shall be deemed to have been abandoned if three (3) fiscal years elapse without any expenditure from or encumbrance of the appropriation therefor, provided, at the request of the city manager, the council may, at any time by resolution, transfer any unencumbered balance or portion thereof from one project to another.
(Sp. Laws 1947, Act No. 30, Ch. VI, § 17; Sp. Laws 1961, Act No. 226; Ord. No. 28-67, 11-7-67)

# CHAPTER VII. BORROWING*

## Sec. 1. Borrowing power.

The city shall have power to incur indebtedness by issuing its negotiable bonds or notes, as provided in this chapter, for the following purposes:

(a) To pay for permanent public improvements by issuing bonds and notes in anticipation of bonds duly authorized. Such improvements shall include the opening, widening, relocating or permanent paving of streets and other public ways, the construction of bridges, dikes, conduits and other works, buildings or structures, including moderate rental housing projects, and all other improvements permitted by the general statutes, necessary or useful in carrying out the powers and duties of the city under this charter; and the acquisition and development of land inside or outside the city for such purposes;

(b) To anticipate by issuing notes the collection of taxes of the current fiscal year to be repaid from the proceeds of such taxes, and if not paid in full before the end of such year an amount equal to the unpaid balance thereof shall be included in the budget for the ensuing fiscal year;

(c) To fund by issuing bonds an emergency expenditure made as provided in subsection (d) of section 1 of Chapter II of this charter;

(d) To meet by issuing bonds the cost in whole or in part, including damages incurred, of any public improvement duly authorized the cost of which is ultimately to be defrayed from benefits assessed which cannot be immediately collected, provided nothing in this section shall be taken to interfere with the power of the council to provide for the issuance of assessment certificates as provided in Chapter XI of this charter;

(e) To prevent the city from defaulting on the principal or interest on its bonded debt, but only by issuing notes the full amount of which, with interest to maturity, shall be included in the budget for the ensuing fiscal year.

(Sp. Laws 1947, Act No. 30, Ch. VII, § 1; Sp. Laws 1957, Act No. 641, § 3; Ord. No. 28-67, 11-7-67)

## Sec. 2. Limitation of indebtedness.

No bonds or notes in anticipation of bonds shall be issued if such issue shall bring the total of all such bonds and notes outstanding to an amount in excess of allowable amounts under the provisions of the general statutes.

(Sp. Laws 1947, Act No. 30, Ch. VII, § 2; Sp. Laws 1959, Act No. 157, § 1; Ord. No. 28-67, 11-7-67)

## Sec. 3. Term and form of bonds and notes.

No bonds shall be issued for any public work or improvement for a term longer than the estimated life of the improvement for which they are issued. No bonds shall be issued for any public work or improvement for a term longer than twenty (20) years except that bonds issued for moderate rental housing projects or public recreational facility projects described in section 7-130a of the general statutes may be issued for terms not to exceed forty (40) years. Notes in anticipation of bonds issued for a public improvement not a moderate rental housing project shall mature not later than three (3) years after the date of the first of said notes to be issued, notes in anticipation of bonds for a moderate rental housing project shall mature not later than three (3) years after the date of the first of said notes to be issued, and tax anticipation notes shall mature before the end of the fiscal year in which issued. Notes issued to prevent default on the principal and interest of the city's bonded debt shall mature not later than the first day of June of the ensuing fiscal year. All bonds shall be in serial form payable as consecutively numbered in substantially equal amounts each year beginning one (1) year from the date of issue, provided, if dividing the amount of the issue by the number of years for which the issue is authorized does not result in even thousands, the maturities of the last year may be reduced sufficiently to produce such a result. Bonds and notes

---

*Editor's note—Public Act 604, Special Acts of 1963, is applicable to those towns and municipalities with or within such towns and changes the limitation on indebtedness through the issuance of bonds, notes and other intangible assets. The user is directed to the text of said act for the exact and specific nature and effect of said act.

26

shall be authenticated by the seal of the city and the signatures of the city manager and the city treasurer or may be executed with a facsimile of any signature or seal, provided at least one (1) signature required or permitted to be placed thereon shall be manually subscribed.
(Sp. Laws 1947, Act No. 30, Ch. VII, § 3; Sp. Laws 1957, Act No. 641, § 4; Sp. Laws 1959, Act No. 157, § 2; Sp. Laws 1967, Act No. 142; Ord. No. 28-67, 11-7-67)
   State law reference—See also, G.S. § 8-86.

### Sec. 4. Bonds and notes, how authorized.

The issuance of bonds shall be authorized only by an ordinance adopted by the council by the affirmative votes of at least six (6) members, and, if the total estimated costs of any improvement for which bonds are proposed to be issued exceeds two hundred fifty thousand dollars ($250,000.00), no bonds shall be issued for such improvement unless the ordinance authorizing such issue shall also be approved by a majority of those voting thereon at a general municipal election or a special election called and warned for the purpose but in no event unless at least fifteen (15) percent of the electors qualified to vote at such general or special election, as determined by the last completed list of the registrars of voters, shall have voted in such majority. Notes in anticipation of taxes shall be authorized by the council by resolution. Notes in anticipation of bonds may be issued by the city treasurer on the recommendation of the city manager. Notes to prevent default on the principal and interest of the city's bonded debt shall be authorized only by ordinance passed by at least six (6) affirmative votes following certification to the council by the director of finance that except for such borrowing a default on the part of the city would take place. Such certification shall be spread on the minutes of the council.
(Sp. Laws 1947, Act No. 30, Ch. VII, § 4; Ord. No. 28-67, 11-7-67)

### Sec. 5. The bond ordinance.

The bond ordinance shall include a description of the public improvement for which the bonds are to be issued; an estimate of its cost; the portion, if any, of such cost to be defrayed from sources, specifying the same, other than the proposed bond issue; the amount of the proposed issue; a statement showing that the proposed issue is within any debt limit prescribed by law; a determination of the estimated life of the improvement; a determination that the principal of and interest on the proposed issue are to be paid from property taxation to the extent not paid from other funds available for the payment thereof and that the full faith and credit of the city is pledged to such payment; the form of the bond and the procedure for the sale of the proposed issue which shall be at public sale. The bond ordinance need not specify the date of issue; the date of the first and last serial maturity; the rate of interest which the bonds are to bear; the dates on which interest shall be paid; the name of the certifying bank, and the place of payment, provided such provisions shall be fixed by the council resolution after sale, on the basis of the accepted bid.
(Sp. Laws 1947, Act No. 30, Ch. VII, § 5; Sp. Laws 1957, Act No. 229; Sp. Laws 1957, Act No. 641, § 5; Ord. No. 28-67, 11-7-67)

### Sec. 6. Short period of limitation.

When twenty (20) days shall have elapsed after the passage and publication of a bond ordinance, as provided in section 12(a) of Chapter III of this charter or, in the event of a referendum of such ordinance as provided in section 4 of this chapter, after the declaration of the result of such referendum, the recitals or statements of fact therein shall be deemed to be true for the purpose of determining the validity of the bonds, the ordinance shall be conclusively presumed to have been duly and regularly passed and to comply with the provisions of this charter, and the validity of such bond ordinance shall not thereafter be questioned by either a party plaintiff or a party defendant except in a suit, action or proceeding commenced prior to the expiration of such twenty (20) days.
(Sp. Laws 1947, Act No. 30, Ch. VII, § 6; Ord. No. 28-67, 11-7-67; Ord. No. 27-69, § 2, 5-21-69; Sp. Laws 1969, Act No. 139, § 2)

## CHAPTER VIII. FINANCIAL ADMINISTRATION

### Sec. 1. Department of finance.

There shall be a department of finance which shall be composed of the divisions of accounting

and control, tax collection and purchases and insurance.
(Sp. Laws 1947, Act No. 30, Ch. VIII, § 1; Ord. No. 28-67, 11-7-67)

### Sec. 2. Director of finance.

The director of finance shall be the head of the department of finance. He shall be a person skilled in municipal accounting, budgeting and financial control. He shall have charge of the administration of the financial affairs of the city and to that end he shall:

(a) Compile for the city manager the estimates for the budget and the capital budget.

(b) Supervise and control all encumbrances, expenditures and disbursements to ensure that budget appropriations are not exceeded.

(c) Submit monthly to the city manager for presentation to the council at its second regular meeting in each month a public statement showing the amount of each appropriation with transfers to and from the same, the allotments thereof to the end of the preceding month, the encumbrances and expenditures charged against each appropriation during the preceding month, the total of such charges for the year to the end of the preceding month, and the unencumbered balance remaining in such appropriation and the allotments thereof. He shall also submit at the same time a statement showing the revenue estimated to be received from each source, the actual receipts from each source for the preceding month, the total receipts from each source for the year to the end of the preceding month, and the balance remaining to be collected. The director of finance shall furnish to the head of each department, office and agency a copy of the portion of the above statement relating to his department, office or agency.

(d) Prepare for the city manager as of the end of each fiscal year a complete financial statement and report of the financial transactions of the city for the preceding year.

(e) Appoint and remove, subject to the provisions of Chapter XVI of this charter, the heads of the divisions of tax collection, and purchases and insurance, and all other officers and employees of his department, provided, in the case of employees of the divisions of tax collection, and purchases and insurance, he shall act after consultation with the heads of these respective divisions.

(f) Transfer temporarily any employee of one (1) division or subdivision of the department to another for the purpose of meeting seasonal demands for clerical and other assistance.

(g) Supervise and be responsible for the efficient performance of the powers and duties conferred or imposed by this charter on the department of finance and on its several divisions and officers.

(h) Designate, with the approval of the city manager, an employee of the department of finance as deputy director of finance, who during the temporary incapacity or absence of the director of finance shall have and perform all the powers and duties herein conferred or imposed upon such director.

(Sp. Laws 1947, Act No. 30, Ch. VIII, § 2; Sp. Laws 1957, Act No. 227; Ord. No. 28-67, 11-7-67)

### Sec. 3. Supervision and control of accounting.

There shall be a division of accounting and control of which the director of finance shall act as head. He shall:

(a) Maintain a general accounting system for the city government and each of its departments, offices and agencies in conformity with the best recognized practices in governmental accounting; keep records for and exercise financial budgetary control over each such department, office or agency; keep separate accounts for the items of appropriation contained in the budget and appropriation ordinance and the allotments thereof and encumber such items of appropriation and their respective allotments with the amount of each purchase order, payroll or contract approved by him immediately upon such approval; and keep such records as

shall show at all times for each account the amount of the appropriation and the allotments thereof, the amounts paid therefrom and remaining unpaid, all encumbrances thereof and the unencumbered balance; require daily or at such other intervals as he may deem expedient a report of receipts and disbursements from each of the several departments, offices or agencies; and prescribe the times at and manner in which moneys received by them shall be paid to the city treasurer or deposited in a city bank account under the city treasurer's control;

(b) Prescribe the form of receipts, vouchers, bills or claims to be used and of accounts to be kept by all departments, offices and agencies of the city government and provide suitable instructions for the use thereof;

(c) Examine all contracts, purchase orders and other documents which involve financial obligations against the city and approve the same only upon ascertaining that moneys have been appropriated and alloted and that an unexpended and unencumbered balance is available in such allotment to meet the same;

(d) Audit before payment all bills, invoices, payrolls and other evidences of claims, demands or charges against the city and approve the same if proper, legal and correct;

(e) Inspect and audit the accounts or records of financial transactions as maintained in each department, office or agency of the city government apart from or subsidiary to the accounts kept in his office.

(Sp. Laws 1947, Act No. 30, Ch. VIII, § 3; Ord. No. 28-67, 11-7-67)

### Sec. 4. Division of tax collection.

The division of tax collection shall consist of the tax collector and such other employees as may be prescribed by ordinance.

(Sp. Laws 1947, Act No. 30, Ch. VIII, § 4; Ord. No. 28-67, 11-7-67)

### Sec. 5. Tax collector.

The tax collector shall be the head of the division of tax collection. He shall receive and collect all taxes and assessments payable to the city and such other fees and licenses as may be assigned to him for collection by the council on the recommendation of the city manager. He shall keep such books and records of the transactions of his office and use such forms of bills and receipts as may be prescribed by the director of finance. Except as otherwise provided in this charter he shall have such powers and duties as are conferred or imposed on tax collectors of towns by the general statutes.

(Sp. Laws 1947, Act No. 30, Ch. VIII, § 5; Ord. No. 28-67, 11-7-67)

### Sec. 6. Collection of taxes.

All city taxes in each fiscal year shall be due and payable in equal quarterly instalments on the first days of April, July, October and January, except that any tax of less than twenty dollars ($20.00) shall be due and payable in full on the first day of April. If any instalment of such tax shall not be paid on or before the first business day of the month next succeeding that in which it shall be due and payable, such instalment and all succeeding instalments shall immediately become delinquent and shall be considered as having become due and payable at the same time as the earliest instalment of such tax to become delinquent and shall be subject to interest at the rate and in the manner provided for in the general statutes. Any person may pay the total amount of any such tax for which he is liable at the time when the first instalment shall be payable, and, if such payment shall be made on or before the first business day of May following the date when such first instalment became payable, the collector may allow a discount in such amount, not to exceed two (2) percent of the total amount of such tax, as shall be provided for by the council upon recommendation by the city manager at the same meeting of the council at which the tax rate is fixed.

(Sp. Laws 1947, Act No. 30, Ch. VIII, § 6; Sp. Laws 1957, Act No. 236; Ord. No. 28-67, 11-7-67)

Code references—Fiscal year, § 2-224; due date for property taxes not in excess of $50.00, § 31-3.

### Sec. 7. Abatement of taxes and assessments.

There shall be a committee on abatement of taxes and assessments consisting of the city trea-

surer, director of finance and corporation counsel, which shall have and exercise all the powers with relation to the abatement of taxes and assessments heretofore or hereafter conferred by law on the council or any committee, board or officer of the city. The committee on abatement of taxes and assessments shall have the power to abate taxes and assessments on dwelling units constructed by a private, nonprofit corporation for the public purpose of providing relocation housing under section 221 of the National Housing Act, as amended. Such abatements shall reflect the amounts necessary to maintain rent levels for such housing within the financial reach of families to be relocated, as determined by the director of housing and approved by the court of common council, and such abatements shall be subject to review annually.
(Sp. Laws 1947, Act No. 30, Ch. VIII, § 7; Sp. Laws 1961, Act No. 221; Ord. No. 28-67, 11-7-67)

### Sec. 8. Division of purchases and insurance.

The division of purchases and insurance shall consist of the purchasing agent and such other employees as may be provided by ordinance.
(Sp. Laws 1947, Act No. 30, Ch. VIII, § 8; Ord. No. 28-67, 11-7-67)

### Sec. 9. Purchasing agent.

The purchasing agent shall be the head of the division of purchases and insurance. Pursuant to rules and regulations established by ordinance the purchasing agent shall contract for and purchase all supplies, materials, equipment and contractual services required by any department, office or agency of the city government, except that he shall not purchase educational and scientific supplies, equipment and materials for the use of the department of education. He shall have the following powers and duties:

(a) To establish, with the approval of the city manager and after consultation with the heads of the departments concerned, and enforce standard specifications for all supplies, materials and equipment required by the city government, except as to purchases for the department of education above;

(b) To prescribe the time of making requisitions for such supplies, materials and equipment and the future period which said requisitions are to cover;

(c) To inspect or cause to be inspected all deliveries of such supplies, materials and equipment, and to cause tests to be made when necessary in order to determine their quality, quantity and conformance with specifications;

(d) To supervise and control such central storerooms as the council may provide by ordinance to serve the several departments, offices and agencies;

(e) To transfer, with the approval of the city manager, to or between departments, offices and agencies or sell supplies, materials and equipment, determined after consultation with the head of the department, office or agency concerned to be surplus, obsolete or unused;

(f) To maintain an inventory of all movable equipment belonging to the city;

(g) To purchase at the expense of the city surety bonds for all officers and employees of the city required by law or by ordinance to furnish such bonds to the city, and insurance of such types against liability, loss or damage on the part of the city or its property as the council, upon the recommendation of the city manager, may authorize, and be responsible for the collection of insurance benefits and other matters relating to the administration of the city's insurance.

(Sp. Laws 1947, Act No. 30, Ch. VIII, § 9; Sp. Laws 1957, Act No. 235; Ord. No. 28-67, 11-7-67)

### Sec. 10. Competitive bidding.

Before making any purchase, except surety bonds and insurance, the city purchasing agent shall give opportunity for competitive bidding under such rules and regulations as the council shall prescribe by ordinance. All single purchases which shall involve an expenditure of two thousand five hundred dollars ($2,500.00) or less shall wherever possible be based on at least three (3)

competitive bids and shall be awarded to the lowest responsible bidder. If any single purchase or contract shall involve an expenditure of more than two thousand five hundred dollars ($2,500.00) it shall be made from or let by sealed bids, after such public notice as may be prescribed by ordinance, to the lowest responsible bidder, provided the city manager shall have power to reject any or all bids and to direct the purchasing agent to advertise again for bids. The provisions of this section as to the taking of bids for purchases shall apply to contracts for public works and improvements. All record of all bids showing the name of the bidders and amounts of bids and indicating in each case the successful bidder, together with the originals of all sealed bids and other documents pertaining to the award of contracts, shall be preserved for not less than six (6) years in a file which shall be open to public inspection. All single sales of city property which in the opinion of the purchasing agent shall involve an amount in excess of two thousand five hundred dollars ($2,500.00) shall be made at the direction of the purchasing agent by either following the provisions for the taking of bids as outlined above except that such sales shall be to the highest responsible bidder, or, in the alternative, by placing the property for sale at public auction, after such public notice and subject to such conditions as may be prescribed by ordinance, at which auction all sales shall be final. A record of all sales showing the name of the purchaser and the purchase price and all other documents pertaining to the auction shall be preserved for not less than six (6) years in a file which shall be open to public inspection. No transaction which is essentially a unit shall be divided for the purpose of evading the intent of this section. Notwithstanding the provisions hereof, the city may transfer, convey, exchange, lease or otherwise dispose of city land or any interest which it may have in real property, including air rights, but excluding all real property received by the city as a gift, devise or bequest for a specific purpose, without competitive bid, provided any such transfer, conveyance, exchange, lease or other disposition is made on the recommendation of the city manager and, after a public hearing, is authorized and approved by an affirmative vote of two-thirds of the council.
(Sp. Laws 1947, Act No. 30, Ch. VIII, § 10; Ord. No. 28-67, 11-7-67; Ord. No. 30-69, 5-23-69; Sp. Laws 1969, Ch. 163)

   Cross reference—For disposal of certain specified lands notwithstanding the provisions of above § 10, see Appendix, § 3 et seq.

### Sec. 11. Contracts for public works and improvements.

The council shall establish by ordinance rules and regulations under which contracts shall be made and carried out for all public works and improvements. In accordance with these rules and the provisions of section 10 of this chapter the purchasing agent shall, on the basis of specifications prepared by the city engineer and approved by the head of the department concerned and the city manager, advertise for and receive bids for any public work or improvement and shall open and tabulate the same and present the results to a committee of award consisting of the city manager, the city engineer and the director of public works, which shall either accept the lowest responsible bid, reject all bids and order the purchasing agent to readvertise for bids, or recommend to the council that it authorize the department of public works to execute the work or improvement.
(Sp. Laws 1947, Act No. 30, Ch. VIII, § 11; Ord. No. 28-67, 11-7-67)

### Sec. 12. Accounting control of purchases and contracts.

All purchases made and contracts executed by the city purchasing agent shall be pursuant to a written requisition, in such form as may be prescribed by the director of finance, from the head of the department, office or agency whose appropriation is to be charged. Nothing herein, however, shall be taken to prevent the purchasing agent from making purchases from a stores revolving fund if one be created by ordinance and of making transfers from stores to the several departments, offices and agencies of the city, to be charged to their appropriations subject to the provisions of section 16 of Chapter VI of this charter.
(Sp. Laws 1947, Act No. 30, Ch. VIII, § 12; Ord. No. 28-67, 11-7-67)

### Sec. 13. Department of assessment.

There shall be a department of assessment which shall consist of the city assessor and such deputies and other employees as may be prescribed by ordinance. The city assessor shall be a member of the classified service and shall be appointed by the city manager, from a list of eligibles determined by open competitive examination as provided in Chapter XVI of this charter. All deputies and other employees of the department shall be appointed and removed by the city assessor subject to the provisions of said Chapter XVI.
(Sp. Laws 1947, Act No. 30, Ch. VIII, § 13; Ord. No. 28-67, 11-7-67)

### Sec. 14. City assessor, powers and duties.

The city assessor shall be the head of the department of assessment. He shall have all the powers and shall perform all the duties imposed on assessors in towns of this state, together with such other duties as are imposed by this charter. He shall adopt such rules and regulations for the guidance of the deputy assessors in the performance of their duties as will establish an equitable and scientific system of assessing property for taxation. Such system shall provide for recording separately the value of each parcel of land and the value of any building or structure thereon. It shall be the duty of the city assessor to keep in his office tax maps which shall be prepared for him and furnished once each year by the department of engineering, showing the outline of each separately assessed parcel of land within the city and the outline of each building thereon. It shall be the further duty of the city assessor to prepare and maintain land value maps based on prints, copies or enlargements of the tax maps, which shall show the value per front foot, according to a standard unit of depth, of all lots abutting on any street, highway or other public way or place within the city; but as to acreage tracts, the land value maps shall show the value per acre. The city assessor shall adopt rules for the determination of:

(a) The value of property not of the standard unit of depth shown on the land value maps;

(b) The effect of side street influence on the value of property located at intersections;

(c) The value of property of odd shapes and sizes; and

(d) The value of buildings and structures which shall include the factors of cost of construction on a unit basis for each type of construction, based on either area or content, of depreciation and of obsolescence. The rules so adopted and all amendments thereof shall be published and made available to any taxpayer of the city upon application to the city assessor.

(Sp. Laws 1947, Act No. 30, Ch. VIII, § 14; Ord. No. 28-67, 11-7-67)

### Sec. 15. Duty of other officers to furnish information.

All applications for building, electrical, plumbing and other similar permits shall be made in as many copies as the city manager may direct and at least once a month a copy of each such application shall be furnished by the department of licenses and inspections to the city assessor. The city clerk shall, at least once a month, compile and deliver to the city assessor a list of all mortgages, deeds and other instruments, showing the location of each property, the amount of the mortgage, the consideration stated in the deed or conveyance, the amount of the United States revenue stamps attached thereto, the nature of the interest conveyed by the instrument, and from whom and to whom such interest was conveyed.
(Sp. Laws 1947, Act No. 30, Ch. VIII, § 15; Ord. No. 28-67, 11-7-67)

### Sec. 16. Assessment of property.

It shall not be necessary for the owners of any form of taxable property in the City of Hartford to file lists thereof with the city assessor, but the assessment of all such property shall be made directly by the city assessor or his authorized deputy and entered by him on lists the form of which has been approved by the state tax commissioner. The city assessor shall complete the lists of all taxable property on or before the thirtieth day of November and such lists shall be open to inspection in his office. Nothing in this section shall be taken to limit the power of the assessor under the general statutes to require information from the

owners of taxable property for the purpose of assessing the same.
(Sp. Laws 1947, Act No. 30, Ch. VIII, § 16; Ord. No. 28-67, 11-7-67)

### Sec. 17. Board of tax review, appointment, vacancies.

Each member of the board of tax review at the effective date of this charter shall continue in office until the expiration of his term and until a successor is duly appointed and qualified. The board of tax review shall consist of three (3) persons appointed by the council, one (1) member to be appointed each year for a term of three (3) years. Any vacancy shall be filled by the council for the unexpired portion of the term. Their compensation shall be determined by ordinance. The members of the board of tax review shall be electors of the city and shall be selected for their knowledge of taxation and real estate values. They shall not hold any other office of profit under the United States, the State of Connecticut or any subdivision thereof, except that of notary public. If a member shall cease to be a resident his place on the board shall become vacant.
(Sp. Laws 1947, Act No. 30, Ch. VIII, § 17; Ord. No. 28-67, 11-7-67)

### Sec. 18. Board of tax review, powers and duties.

The board of tax review shall have the same powers and perform the same duties as boards of tax review of towns. Each year on the first business day of December the board of tax review shall, after giving at least ten (10) days' notice in the manner provided by law, meet to hear appeals as herein provided, and such meeting may be adjoined from time to time to a day not later than the last business day of said month, on or before which day said board shall complete the duties imposed upon it. All such hearings shall be public and an accurate record open to public inspection shall be kept of all the proceedings. Appeals to the board of tax review shall be in writing and under oath but the procedure before said board shall be informal and of a nature calculated to effect justice as simply as possible. All changes made by said board shall be certified immediately upon the completion of its deliberations to the city assessor, whose duty it shall be to make such corrections upon the assessment list as the board may determine. No appeal from the doings of the city assessor and no applicaton for reduction of amount of indebtedness from the list of any debtor shall be heard or entertained by the board of tax review unless referred to it at its meeting held on the first business day of December or at some adjourned meeting held within twenty (20) days thereafter.
(Sp. Laws 1947, Act No. 30, Ch. VIII, § 18; Ord. No. 28-67, 11-7-67)

## CHAPTER IX. CITY TREASURER

### Sec. 1. City treasurer.

The city treasurer shall have custody of and disburse all funds belonging to the city and shall deposit the same in such banks and trust companies as may be designated by the council on the recommendation of the city manager. He shall be the treasurer of the town deposit fund and the capital improvement fund and shall have authority to invest and reinvest the same in securities legal for investment of trust funds under the general statutes, provided the amount and term of such investments shall be determined by resolution of the council. Nothing herein shall be construed to prevent sinking funds and trust funds from continuing to be managed by the trust companies managing them at the effective date of this charter unless the appointment is revoked by the council for cause. Whenever a vacancy occurs, or any trust fund is hereafter created, the council shall have power on the recommendation of the city treasurer to designate a trust company or companies located in the city to manage the same, which designation shall continue until revoked by the council for cause.
(Sp. Laws 1947, Act No. 30, Ch. IX, § 1; Ord. No. 28-67, 11-7-67)

### Sec. 2. Disbursements.

No disbursement shall be made from any funds of the city except by check signed by the treasurer. Each check shall be based upon a voucher or payroll duly audited by the director of finance. Before attaching his signature to any check the

treasurer shall satisfy himself that such check represents the payment of a duly authorized obligation of the city. He shall keep such books and records as the director of finance shall prescribe. His official bond shall be a surety company bond in an amount sufficient to satisfy the requirements of the general statutes and the ordinances of the city.
(Sp. Laws 1947, Act No. 30, Ch. IX, § 2; Ord. No. 28-67, 11-7-67)

### Sec. 3. Assistant city treasurer.

The city treasurer shall appoint to serve at his pleasure an assistant treasurer and shall file with the city clerk a certificate of such appointment and the city clerk shall record such certificate in the minutes of the council. Said assistant shall perform such duties as may be required of him by the treasurer and shall have all the powers and duties of the treasurer during his absence or disability. Subject to the provisions of Chapter XVI of this charter the treasurer shall appoint and remove such other employees of his office as may be provided by ordinance.
(Sp. Laws 1947, Act No. 30, Ch. IX, § 3; Ord. No. 28-67, 11-7-67)

## CHAPTER X. PUBLIC SAFETY

### Sec. 1. Department of police.

There shall be a department of police which shall consist of the chief of police and such other officers and employees of such ranks and grades as may be prescribed by ordinance. The department of police shall be responsible for the preservation of the public peace, prevention of crime, apprehension of criminals, protection of the rights of persons and property and enforcement of the laws of the state, and the ordinances of the city and all rules and regulations made in accordance therewith. All members of the department shall have the same powers and duties with respect to the service of criminal process and enforcement of criminal laws as are vested in police officers by the general statutes.
(Sp. Laws 1947, Act No. 30, Ch. X, § 1; Ord. No. 28-67, 11-7-67)

### Sec. 2. Chief of police.

The chief of police shall be in direct command of the department of police. Subject to the provisions of Chapter XVI of this charter he shall appoint and remove all other officers and employees of the department. He shall assign all members of the department to their respective posts, shifts, details and duties. He shall make rules and regulations, in conformity with the ordinances of the city, concerning the operation of the department and the conduct of all officers and employees thereof. He shall be responsible for the efficiency, discipline and good conduct of the department and for the care and custody of all property used by the department. Disobedience to the lawful orders of the chief or to the rules and regulations aforesaid shall be ground for dismissal or for other appropriate disciplinary action taken in accordance with the provisions of Chapter XVI of this charter.
(Sp. Laws 1947, Act No. 30, Ch. X, § 2; Ord. No. 28-67, 11-7-67)

### Sec. 3. Special policemen.

Upon application of any individual, firm, corporation or association, showing the necessity therefor, the chief of police may appoint one (1) or more special officers to be paid by the applicant. He may also appoint, at the request of the city manager, any employee of any department of the city as a special policeman. Special policemen shall take the oath required of members of the police force; shall wear when on duty in full sight a badge in the form prescribed by the chief; and while in or on the premises of the individual, firm, corporation or association requesting his appointment, and in the case of a city employee while in the performance of his official duties, shall have all the powers and duties of policemen of the city and shall be subject to the rules and regulations of the department of police. Such appointments shall be revocable by the chief of police at any time.
(Sp. Laws 1947, Act No. 30, Ch. X, § 3; Ord. No. 28-67, 11-7-67)

### Sec. 4. Department of fire.

There shall be a department of fire which shall consist of the fire chief, the fire marshal and such other officers and employees of such ranks and

grades as may be prescribed by ordinance. The department of fire shall be responsible for the protection of life and property within the city from fire and for the enforcement of all laws, ordinances and regulations relating to fire prevention and fire safety.
(Sp. Laws 1947, Act No. 30, Ch. X, § 4; Ord. No. 28-67, 11-7-67)

### Sec. 5. Fire chief.

The fire chief shall be in direct command of the department of fire. Subject to the provisions of Chapter XVI of this charter he shall appoint and remove all other officers and employees of the department. He shall assign all members of the department to their respective posts, shifts, details and duties. He shall make rules and regulations in conformity with the ordinances of the city concerning the operation of the department and the conduct of all officers and employees thereof. He shall be responsible for the efficiency, discipline and good conduct of the department and for the care and custody of all property used by the department. Disobedience to the lawful orders of the chief or to the rules and regulations aforesaid shall be ground for dismissal or for other appropriate disciplinary action taken in accordance with the provisions of Chapter XVI of this charter. The chief shall have further power to make regulations with the force of law, implementing and giving effect to the laws and ordinances relating to fire prevention and fire safety.
(Sp. Laws 1947, Act No. 30, Ch. X, § 5; Ord. No. 28-67, 11-7-67)

### Sec. 6. Department of licenses and inspections.

There shall be a department of licenses and inspections which shall consist of the director of licenses and inspections and such other officers and employees of such ranks and grades as may be prescribed by ordinance. Subject to the provisions of Chapter XVI of this charter, the director of licenses and inspections shall appoint and remove all other officers and employees of the department. He shall make rules and regulations in conformity with the ordinances of the city concerning the operation of the department and the conduct of all officers and employees thereof. The department of licenses and inspections shall enforce the provisions of the general statutes and of the ordinances of the city with respect to the safety of buildings and other structures; structural, electrical, plumbing and heating standards; and standards of weights and measures. If the owner of any building, the condition of which constitutes an immediate threat to life, fails to comply with any order to repair or remove such building or portion thereof, issued by the director of licenses and inspections pursuant to the general statutes or to the ordinances of the city, or when there exists actual and immediate danger of the falling of any structure or part thereof, so as to endanger life or property, said director may proceed forthwith to cause to be done all work required to be done in compliance with such an order, and if necessary, to demolish any structure or structures covered by any such order, and the city shall have a lien on such building and land for the cost of such work or demolition, which lien, if for work done rather than for demolition, shall take precedence over any other lien on the premises recorded after the effective date of this act, including mortgage liens but excepting liens for real estate taxes, provided that the person entitled to such other lien shall have been given written notice of the city's intention to undertake said work at least ten (10) days prior to the commencement thereof, and the city may recover the cost of the work or demolition from the owner of such building or structure by appropriate proceeding on complaint of said director.
(Sp. Laws 1947, Act No. 30, Ch. X, § 6; Sp. Laws 1961, Act No. 228, § 1; Sp. Laws 1967, Act No. 436, § 2; Ord. No. 28-67, 11-7-67)

### Sec. 7. Bureau of licenses.

The director of licenses and inspections shall maintain a bureau of licenses in which application shall be made for all permits and licenses required by the general statutes or ordinances of the city to be issued under authority of the city or any department, office or agency thereof, provided nothing herein contained shall exempt said bureau from compliance with any provision of the general statutes, this charter or the ordinances of the city which requires approval of any officer or agency of the city as a condition to the issuance of

any permit or license, and in such case approval shall be required to be endorsed upon or attached to the application for each such permit or license before issuance by the bureau. All permits and licenses shall be authenticated by the signature of the director of licenses and inspections or his authorized deputy. All fees for permits and licenses issued by the bureau shall be paid to the bureau for the account of the city.
(Sp. Laws 1947, Act No. 30, Ch. X, § 7; Sp. Laws 1961, Act No. 228, § 2; Ord. No. 28-67, 11-7-67)

## CHAPTER XI. DEPARTMENT OF PUBLIC WORKS

### Sec. 1. Department of public works.

There shall be a department of public works which shall consist of the director of public works and such other officers and employees organized into such divisions and bureaus as may be prescribed by ordinance. It shall have charge of:

(a) The construction, maintenance and repair of streets, bridges, dikes, docks, wharves, buildings, and all other structures and works not specifically assigned by this charter to some other department or agency;

(b) Street lighting;

(c) Street cleaning;

(d) The collection and disposal of ashes, garbage and refuse, subject to the powers of the director of health in matters of public health;

(e) The care, management and control of all airports owned and controlled by the city;

(f) House numbering;

(g) The provision of heat, light and janitorial care for all city-owned buildings except hospitals and institutions and buildings under the jurisdiction of the departments of police and fire and the board of education;

(h) The setting out, care and removal of street trees, vines and shrubs unless this duty is transferred to the department of parks as provided in Chapter XV of this charter.

Nothing in this section shall be taken to affect the powers of The Metropolitan District; and

(i) The function of the department of engineering as set forth in Chapter XII of number 30 of the special acts of 1947, as amended by number 641 of the special acts of 1957, if, on the recommendation of the city manager, the council transfers these functions to the department of public works.
(Sp. Laws 1947, Act No. 30, Ch. XI, § 1; Sp. Laws 1965, Act No. 156, § 1; Ord. No. 28-67, 11-7-67)

### Sec. 2. Director of public works.

The director of public works shall be the head of the department of public works. Subject to the provisions of Chapter XVI of this charter he shall appoint and remove all other officers and employees of the department, with the advice of the heads of the respective divisions. Except as specifically provided in this chapter he shall succeed to all the powers and duties of the board of street commissioners, the aviation commission and the public buildings commission, as the same were on the effective date of this charter.
(Sp. Laws 1947, Act No. 30, Ch. XI, § 2; Sp. Laws 1965, Act No. 156, § 2; Ord. No. 28-67, 11-7-67)

### Sec. 3. Procedure for the assessment of benefits and damages.

A public work or improvement, for the cost of which in whole or in part benefits are to be assessed by the city, may be initiated by the council on recommendation of the director of public works or by petition by property owners in such number and in such form as may be prescribed by ordinance. The intention of the council to proceed with such work or improvement, including a description in general terms of the lands to be assessed for benefits and an estimate of the cost of such work or improvement, shall be embodied in an ordinance, together with a notice of the time and place, not less than fifteen (15) days after the publication of such notice, at which the council, or a committee thereof, will hear any or all parties affected by such proposed improvement or whose lands are included within the proposed assessment area. After such hearing the council shall

act finally upon such ordinance with such amendments as it may deem advisable. Any owner of real estate within the assessment area as determined by the council may, at any time within thirty (30) days after the passage of such ordinance, appeal to the superior court for Hartford County on the sole question of the right of the city to proceed with such work or improvement. At the expiration of the said thirty (30) days, the city, provided all other provisions of this charter are complied with, may proceed with the actual layout and construction of the work or improvement without regard to subsequent proceedings concerning the assessment of benefits and damages. Thereupon, if the owners of property are to be assessed only for the acquisition of land or any interest therein or rights in, under or over the same, the director of public works shall assess the benefits to be charged and the damages to be credited in respect of each parcel of real estate within the assessment area as determined by the council. If, however, the owners of property are to be assessed for any or all of the cost of constructing the work or improvement, the director of public works shall not proceed to assess benefits and damages until the contract or contracts for the work or improvement are let, or if the work or improvement is to be constructed directly by the department of public works, until the work or improvement has been completed. The director of public works shall cause his assessment of benefits and damages in respect of the work or improvement to be published once in a morning and once in an evening daily newspaper of general circulation in the city, and shall file a certified copy thereof with the city clerk, who shall mail, postage paid, a notice of such assessment to each owner of land affected thereby as the names of such owners appear on the records of the city assessor, provided failure on the part of any owner or owners of land affected thereby to receive such notice shall not affect the validity of the assessment or of any proceedings relating thereto. Such notice of assessment of benefits and damages shall include a notice of the time and place at which each owner of property affected shall be given an opportunity to be heard by the council or a committee thereof at a time specified in the notice and not less than ten (10) days after the publication thereof. After such hearing the council may by resolution make changes in such assessment of benefits and damages or it may accept the assessment made by the director of public works. Any person aggrieved by the assessment of benefits or damages by the director of public works as accepted by the council, may, at any time within thirty (30) days after the same has been accepted by the council, appeal to the superior court for Hartford County for a reassessment of such damages or such benefits so far as the same shall affect such applicant. Such appeal shall ask for a reappraisal of damages or reassessment of benefits, shall adequately describe the assessment which is being appealed from and the party or parties appealing, the parcel or parcels of property damaged or assessed and included in the appeal, and shall be served upon the city clerk in the manner provided for the service of civil process. Any number of parties interested may join in such appeal and if separate appeals are taken by different parties from one (1) assessment or award all such appeals shall be heard and tried as one (1) cause. Any such appeal may be referred by said court upon motion of any party thereto to a state referee for hearing and such referee shall proceed to hear the same and file a report thereon in accordance with the rules of the superior court. If the report is accepted such assessment shall be conclusive upon such owner and the City of Hartford. The city shall pay to any landowner the amount of damages less the amount of benefits assessed in respect of his property upon certification of the amount by the clerk of said court and acceptance thereof by the property owner. Said clerk shall notify the director of public works in writing when any assessment or reassessment of benefits and damages shall have been accepted. The amount of such benefits, after deducting the amount of damages so assessed by the director of public works or reassessed by the court, shall constitute a lien upon the land against which such benefits were assessed from the date of the final passage of the ordinance of intention to proceed until the amount thereof shall have been paid by the owner of such land to the city, with interest at such rate commencing at such time and with such provision for the payment of the assessment in installments, and the issuance of assessment certificates as may be provided by ordinance. No such lien shall continue against such land unless notice of the same shall be filed by the director of

public works with the city clerk within thirty (30) days after the council accepts such assessment or after the acceptance by the court of such reassessment.
(Sp. Laws 1947, Ch. XI, § 3; Sp. Laws 1959, Act No. 401; Ord. No. 28-67, 11-7-67)

### Sec. 4. Procedure where benefits and damages are equal and nominal.

The council shall provide by ordinance the procedure to be used in connection with the opening, widening or changing of the grade of any street or the establishing or altering of curb, sidewalk, building, veranda, porch or bay window lines when the amounts of benefits and damages as assessed by the director of public works are equal and neither exceeds five dollars ($5.00). Such procedure shall provide for notice by publication and by mail to each owner of property affected and for an opportunity for him to be heard by the council or a committee thereof at a time specified in the notice and not less than ten (10) days after the publication thereof.
(Sp. Laws 1947, Act No. 30, Ch. XI, § 4; Ord. No. 28-67, 11-7-67)

## CHAPTER XII. DEPARTMENT OF HOUSING*

### Sec. 1. Department of housing.

There shall be a department of housing which shall consist of the director of housing and such other officers and employees organized into such divisions and bureaus as may be prescribed by ordinance. It shall perform the research for and prepare for submission to the federal and state agencies the data required to qualify the city for any special financing or mortgage insurance assistance programs enacted by the Congress of the United States and the general assembly of the state. It shall serve as a liaison and coordinating body between the city, private enterprise and federal and state agencies in order to stimulate and promote new housing within the terms of this act, and it shall have charge of the development, operation and maintenance of all moderate rental housing projects under complete city auspices.
(Sp. Laws 1957, Act. No. 641, § 6; Sp. Laws 1959, Act No. 215; Ord. No. 28-67, 11-7-67)

### Sec. 2. Director of housing.

The director of housing shall be head of the department of housing. He shall be appointed solely on the basis of his executive and administrative qualifications, with special reference to his actual experience in or knowledge of accepted practices with respect to the development and management of public housing.
(Sp. Laws 1957, Act No. 641, § 6; Ord. No. 28-67, 11-7-67)

## CHAPTER XIII. DEPARTMENT OF ENGINEERING†

### Sec. 1. Department of engineering.

There shall be a department of engineering which shall consist of the city engineer and such professional assistants and other employees as may be prescribed by ordinance. However, on the recommendation of the city manager the council may transfer the department of engineering to the department of public works where its personnel may be assigned to such divisions and activities as may be determined by the director of public works. The city engineer shall be the head of the department of engineering. He shall be a civil engineer licensed to practice his profession in this state and shall have had at least five (5) years' experience in the design and supervision of the construction of public works. He shall be responsible for the efficiency, discipline and conduct of the department and, subject to the provisions of

---

*Editor's note—Act No. 641, Special Laws 1957 added this Chapter XII and renumbered all following chapters. Charter Revision 1967, Ord. No. 28-67, retained this Chapter without change.

It should be noted that Ord. No. 21-86, enacted June 23, 1986, did not specifically amend this Charter, but did amend the Code by adding thereto a new § 2-83 now 2-98, pertaining to the reorganization of the department of housing and renaming it the department of housing and community development.

†Editor's note—Formerly Chapter XII. Renumbered by Act No. 641, § 6, Special Laws 1957, and retained as Chapter XIII by the Revised Charter 1967, Ord. No. 28-67.