basis of the employee's highest five (5) of the last ten (10) years of his or her gross earnings unless the employee had previously elected to have his or her average pay computed on the basis of the employee's highest two (2) of the last five (5) years of his or her gross earnings as provided in subsection (b) hereinbefore.

(3) Any such non-bargaining unit city employee may elect to retire without reduction of benefits after fifteen (15) years of continuous employment provided such employee elects to leave his or her contributions in the fund until the date on which he or she would have first become eligible for a normal retirement allowance at which time he or she shall receive a retirement allowance computed on the basis described in paragraphs (1) and (2) of this subsection (biii) for a normal retirement allowance.

(4) Any such employee may upon retirement, and prior to any sick pay formula reduction use a portion of his or her accumulated sick leave to purchase up to four years of additional pension service time for the purpose of computing the amount of his or her retirement allowance. Such additional service time shall not be used for establishing eligibility for normal retirement benefits as provided in paragraph (1) of this subsection (biii), but shall be used as additional service credits for employees who are qualified or become qualified for normal or early retirement benefits as those terms are defined in this chapter. Additional pension service time may be purchased from accumulated sick leave at the rate of twenty (20) days of accumulated sick leave for each year of pension service time. The additional retirement allowance resulting from the additional pension service purchased from accumulated sick leave will be calculated as provided in paragraph (1) of this subsection (biii), provided the maximum benefits shall not exceed eighty (80) percent of final average pay.

Notwithstanding any provisions of this Chapter to the contrary, including, without limitation, the provisions set forth in subsection 3(y)(4) of this Chapter, any permanent, nonbargaining unit city employee who is an active member of the unclassified service at any time between October 1, 1998 and December 31, 1998, both dates inclusive, and who previously has elected not to be, and is not then, a member of the fund, shall have the right to elect to become a member of the fund in accordance with and subject to the provisions of this subparagraph. Any employee who wishes to make such election shall give written notice to the city treasurer to that effect on or before December 31, 1998. Any such employee who has given such notice shall, effective January 1, 1999, thereupon be a member of the fund, and thereby entitled to receive those benefits applicable to, and obligated to make those contributions required of, nonbargaining unit city employees under and pursuant to the terms of this Chapter as apply to such employees for and during the period of his or her service thereafter, providing, however, that no such employee shall be entitled to have any of his or her contributions "picked-up" and paid by the City of Hartford as otherwise would be provided pursuant to the provisions of section 3(y) of this Chapter. Any election which is made to become a member of the fund pursuant to this subparagraph shall be irrevocable.

Notwithstanding any provisions of this Chapter to the contrary, including, without limitation, the provisions set forth in subsection 3(y)(4) of this Chapter, any active, permanent, nonbargaining unit city employee (and any active, full-time, permanent city employee who is a member of a collective bargaining unit which has agreed to the provisions of this subparagraph who previously was a member of the unclassified service) who (i) is or elects to become a member of the fund at any time between October 1, 1998 and December 31, 1998, both dates inclusive, (ii) is not then receiving a retirement benefit, and (iii) previously chose not to be, or otherwise was not, a member of the fund during any time he or she was a member of the unclassified service, shall have the option to include that portion of his or her Qualified Prior Unclassified Service Time (as hereinafter defined) in the calculation in his or her length of

service for purposes of determining his or her retirement allowance, subject to and in accordance with the terms of this subparagraph. Any employee who wishes to exercise this option must (1) provide the city treasurer with written notice of his or her desire to do the same by December 31, 1998, and (2) thereafter pay the municipal employees' retirement fund an amount equal to the contributions required in respect of any of his or her Qualified Prior Unclassified Service Time for which he or she desires to be given credit pursuant to this subparagraph in the manner and on such terms as may be specified by the pension commission. Nothing in this subparagraph shall be deemed to entitle any member to receive a retirement allowance in excess of that amount which may be specified to be, or which operates as, a maximum limit on the amount of any benefit which may be paid to such member pursuant to any other provisions of this Chapter. Any member who elects to exercise the option to purchase additional pension credit pursuant to this subparagraph shall make a contribution to the fund for each fiscal year, or part thereof, for which he or she is purchasing credit hereunder equal to the sum of (1) the product of his or her salary during each such year, or part thereof, times the contribution rate in effect for nonbargaining unit city employees as of December 31, 1998, plus (2) interest on the amounts derived pursuant to the foregoing calculated at the pension commission's assumed rate of return for the fund as of and from June 30th of each such fiscal year, or part thereof, to the date the pension commission approves such member's application to acquire the same. No contributions which are required to be made pursuant to this subparagraph shall be "picked-up" and paid by the City of Hartford as otherwise would be provided pursuant to the provisions of section 3(y) of this Chapter. For purposes of this subparagraph, a member's "Qualified Prior Unclassified Service Time" shall mean such prior unclassified service time for which he or she served as a permanent employee and neither is receiving a retirement benefit, nor has retained a vested benefit, from any other employer; a member shall be deemed to be "receiving a retirement benefit" if, prior to January 1, 1999, he or she has filed an application to be paid, or has been awarded, any benefits under this Chapter.

(c) *Mandatory retirement.* The mandatory retirement date for any member shall be the fifth anniversary of his normal retirement date. Any member who reaches his mandatory retirement age shall be retired immediately; and if he is a policeman or fireman and has at least fifteen (15) years, or in the case of all other employees who are members of the municipal employee's retirement fund at least ten (10) years, of continuous service with the city, he shall be entitled to receive a retirement allowance computed in the same manner as the normal retirement allowance. The pension commission may at its option defer the mandatory retirement date for an employee upon written recommendation of his department head.

(d) *Early retirement.* Any member, other than a policeman or a fireman, may elect early retirement after his fifty-fifth birthday provided he has completed at least ten (10) years of continuous service. Any member who is employed as a policeman or a fireman may elect early retirement after his fiftieth birthday provided he has completed at least ten (10) years of continuous service. Any member who is employed as a policeman or a fireman may elect early retirement after his fiftieth birthday provided he has completed at least fifteen (15) years of continuous service. In event of his early retirement such a member may elect one (1) of the following options in lieu of the refund of contributions in subsection (j):

(1) To leave his contributions in the fund until the date on which he would have first become eligible for a normal retirement allowance at which time he shall receive a retirement allowance computed on the basis described in subsection (b) for a normal retirement allowance; or

(2) In the case of a policeman, or a fireman, or an employee of the board of education, to receive an immediate early retirement allowance which shall be determined by the pension commission and which shall be actuarially equivalent to the retirement allowance provided by option (1); or

(3) In the case of a member who is not represented by Local 501 CSEA, Inc., or who is not an employee of the board of education, except board of education employees pres-

ently represented by Local 566, Council #4, AFSCME, AFL-CIO, Local 818, Building and Ground Supervision, and Local

3534, Hartford Federation of Education Personnel to receive an immediate early retirement allowance equal to the amount of retirement allowance provided by option (1) reduced by two (2) percent for each whole year by which the date of his termination of service falls short of the date on which he would have first become eligible for a normal retirement allowance as provided in subsection (b), with proration for any fraction of a year; or

(4) In the case of a member, including those represented by Local 3534, Hartford Federation of Education Personnel and the School Crossing Guards Association of Hartford, Connecticut, but excluding policemen and firemen and other employees of the board of education who are represented by a bargaining unit, and who has completed twenty-five (25) years of continuous service and attained age sixty (60), to receive an immediate early retirement allowance equal to the amount provided by option (1) without reduction.

(5) After July 1, 1978, any policeman or fireman may elect early retirement after twenty (20) years of continuous service. An employee who elects such early retirement after July 1, 1978, and before July 1, 1981, will receive pension benefits reduced by two (2) percent for each whole year by which the date of early retirement precedes the date on which he would have completed twenty-five (25) years of continuous service, with proration for a fraction of a year. An employee who elects early retirement after July 1, 1981, and before July 1, 1983, after at least twenty (20) years of continuous service will receive a pension based on two (2) percent of the final average pay for each whole year of service and reduced by one (1) percent for each whole year by which the date of early retirement precedes the date on which he would have completed twenty-five (25) years of continuous service, with proration for a fraction of a year. An employee who elects early retirement on or after July 1, 1983, after at least twenty (20) years of continuous service will receive a pension based on two (2) percent of final average pay for each whole year of service.

(1) A member of the Hartford Federation of School Secretaries who is age fifty-five (55) with at least ten (10) years of service but less than twenty-five (25) years of service shall be eligible to receive pension benefits reduced by four (4) percent for each whole year the member retires short of age sixty (60).

(e) *Retirement for disability.* Any member shall be eligible for retirement and to receive a disability retirement allowance if he becomes permanently and totally disabled from engaging in any gainful employment, provided he has completed at least ten (10) years of continuous service, or provided that such disability is shown to the satisfaction of the pension commission to have arisen out of and in the course of his employment by the city, as defined by the workmen's compensation act. The amount of the disability retirement allowance shall be computed in the same manner as the normal retirement allowance, using a final average pay equal to his average annual rate of pay for the ten (10) years immediately preceding his disability retirement; provided such disability allowance for permanent and total disability arising out of and in the course of his employment, as defined in the workmen's compensation act, shall not be less than one-half ($1/2$) of the member's annual pay at the time his disability was incurred. Such disability retirement allowance shall continue during the period of such disability. Any amount or amounts received under the workmen's compensation act shall be deducted from such disability retirement allowance. The existence and continuance of disability shall be determined by the pension commission upon such medical evidence and other investigation as it may require. No disability retirement allowance under this section, plus workmen's compensation payments, if any, plus any amounts payable by reason of social security coverage attributable to city employment, shall exceed two-thirds ($2/3$) of the member's average annual pay during the ten (10) years immediately preceding his retirement, but no

such disability retirement allowance shall be less than three hundred sixty dollars ($360.00) annually. No such disability retirement allowance shall be paid if the disability has been caused by the willful misconduct or intoxication of the disabled member. In order to obtain a disability retirement allowance under this section, a member shall apply in writing for such allowance to the pension commission within one (1) year after incurring the disability, and the allowance may be made retroactive to the date at which the pay of the disabled member ceased.

(f) *Special disability allowance.* Any member who suffers a permanent disability which does not prevent him from engaging in any gainful employment may nevertheless be eligible to receive a special disability retirement allowance if he has completed at least ten (10) years of continuous service or if such disability is shown to the satisfaction of the pension commission to have arisen out of and in the course of his employment by the city, as defined by the workmen's compensation act, and if it is shown to the satisfaction of the pension commission that as a result of said disability the income which he can derive from gainful employment has been reduced at least ten (10) percent below the income he was earning at the time he incurred such disability. Such special disability retirement allowance may continue during the period of such reduced income. The amount of the special disability retirement allowance shall be determined by the pension commission in a manner consistent with the determination of the disability retirement allowance; it shall not be less than ten dollars ($10.00) monthly nor more than one and two-thirds (1⅔) percent of the reduction in income multiplied by the number of years of service unless the permanent disability arises out of and in the course of employment as defined in the workmen's compensation act, in which case it shall be not less than fifty (50) percent of the reduction in income.

(g) *Survivor's benefits.* If a member who is serving as a city policeman or fireman dies before retirement from a cause arising out of and in the course of his employment, as defined in the workmen's compensation act, his widow shall receive a monthly survivor's allowance at a rate equivalent to fifty (50) percent of his annual pay at the time of his death, until she dies or remarries. If said member leaves a child or children under the age of eighteen, each such child shall receive a monthly survivor's allowance at a rate of ten (10) percent, as measured above, until he reaches age eighteen (18), marries or dies, whichever comes first; however, if the member leaves no widow, each child's allowance shall be at the rate of fifteen (15) percent. The total annual survivor's allowances payable under this section plus workmen's compensation payments, if any, shall not exceed three-quarters of the member's average annual pay during the five (5) years immediately preceding his death. Any allowances paid under this subsection shall be in lieu of the refund of contributions, provided by subsection (j); except that if the total allowances paid under this subsection should be less than the refund of contributions which would otherwise have been paid, then the excess of said refund over said allowances shall be paid in accordance with subsection (j). As used herein the term "widow" shall include "widower".

(h) *Continuity of service.* Periods of absence of not more than ninety (90) days in any one (1) calendar year shall not be considered as breaking continuity of service. Periods of absence of more than ninety (90) days by reason of a leave of absence granted by the council, or where the absence is occasioned by disability involving the regular attendance of a physician unless such attendance is declared unnecessary by medical authority satisfactory to the pension commission, shall not be considered as breaking continuity of service, but such periods shall not be included in determining the amount of the retirement allowance.

If a member terminates his employment, withdraws his retirement contributions from the fund and is subsequently reemployed, he may request that he be allowed to repurchase his prior service credits. Such request and repayment must be made no later than ninety (90) days after the completion of the probationary period. If such request is not made within the prescribed period of time, the member shall be deemed to have waived this right.

Any member who has completed his or her probationary period prior to October 1, 1989, and who failed to make such request and repayment within ninety (90) days after the completion of the probationary period is hereby granted an extension of time until December 1, 1989, to make such request and repurchase his or her prior service credits. If such request is not made prior to December 1, 1989, the member shall be deemed to have waived this right.

Effective October 1, 1998, any nonbargaining unit employee of the City (and any member of a collective bargaining unit which agrees to the provisions of this subparagraph) who (i) has completed his or her probationary period prior thereto, (ii) is, or by January 1, 1999 will be, a member of the fund, (iii) failed to request that he or she be allowed to repurchase any of his or her prior service credits and/or to repay the fund therefor within ninety (90) days after completion of his or her probationary period, and (iv) neither is receiving a retirement benefit nor has retained a vested benefit with respect to such prior service from any other employer, is hereby granted an extension of time until December 31, 1998 to make such request and repurchase his or her prior service credits, subject to and in accordance with this subparagraph. Any such employee who wishes to repurchase his or her prior service credits pursuant to this subparagraph must provide written notice to the city treasurer of his or her desire to do the same by December 31, 1998 and shall thereafter pay the municipal employees' retirement fund an amount equal to the sum of (1) his or her contributions for such prior service which were returned to such employee, and (2) interest on said contributions at the rate of seven (7) percent per annum from the date such employee was rehired by the city to the date the pension commission approves such member's application to repurchase any credits hereunder. All such amounts shall be paid to the fund in the manner and on the terms specified by the pension commission, providing, however, that no contributions which are required to be made pursuant to this subparagraph shall be "picked-up" and paid by the City of Hartford pursuant to the provisions of section 3(v) of this Chapter. Nothing in this subsection shall be deemed to entitle any member to receive a retirement allowance in excess of that amount which may be specified to be, or which operates as, a maximum limit on the amount of any benefit which may be paid to such member pursuant to any other provisions of this Chapter.

(i) *Optional form of retirement allowance.* Any member may, subject to such regulations as the pension commission may from time to time establish, elect to receive a reduced retirement allowance with the provision that such reduced retirement allowance, or such part thereof as may be specified by such person in his notice of election, shall be continued after his death to his spouse named in such election, for so long as his spouse lives. The reduced retirement allowance shall be in such an amount as the pension commission determines to be the actuarial equivalent of the retirement allowance that would have been payable had not the election been made. Unless the member files a written notice of his election of this option with the pension commission at least three (3) years before he becomes eligible for retirement he shall be required to pass a satisfactory physical examination at the time of making such election.

(j) *Contributions by members.* Each member shall contribute to the fund two (2) percent of that portion of his pay on which social security taxes are paid and five (5) percent of the balance of his pay, to be deducted at each pay period and credited to his account in the fund. Any member leaving the employment of the city before becoming eligible for retirement may withdraw on request to the pension commission the total of all contributions to the fund made by him without interest, provided, if no request is made within ten (10) years, such contributions shall revert to the fund. In case of the death of a member before retirement, or after retirement without having made the election provided for in [this] subsection hereof, or in case of the death of the survivor of a member who has made such election and his spouse or domestic partner after he is eligible for retirement, his contributions to the fund without interest, less any retirement allowance paid to him, his spouse or domestic partner, shall be paid from the fund on the order of the pension commission to the beneficiary or beneficiaries, if any, named by such member. If no named beneficiaries

survive the member, or the survivor of the member and his spouse or domestic partner, payment shall be made to the executors or administrators of such member or his spouse or domestic partner, as the case may be, except that, if the amount is less than one thousand dollars ($1,000.00), the refund may be made, at the option of the pension commission, in accordance with the terms of Section 45-266 of the General Statutes or any amendment thereto. (Ord. No. 64-93, 11-22-93)

As of July 1, 1980, all nonbargaining unit employees and employees presently represented by Locals 566 and 1716, Council #4, AFSCME, AFL-CIO, and Local 818, Building and Ground Supervision, will have credited to their employee contributions to the pension fund three (3) percent interest on such contributions as of June 30, 1979. As of July 1, 1981, employees represented by Hartford Federation of Education Personnel, Local 3534, AFT, AFL-CIO will have credited to their employees contributions to the pension fund three (3) percent interest as such contributions as of June 30, 1980. Each July 1, thereafter, contributions and any interest credited as of the previous calendar year June 30 will be credited with three (3) percent interest. Once credited, the interest and contributions made by the employee to the pension fund shall be payable to the employee upon separation from city employment except that no such payment will be made to an employee granted a pension in accordance with this Chapter XVII, Section 3.

The employee contributions to the pension fund of employees represented by Local #2221 Hartford Federation of Paraprofessionals, CSFT, AFT, AFL-CIO will be credited with three (3) percent interest on such contributions. Present employees will be credited with such interest on their contributions as of June 30, 1987, or to the date of their employment, whichever is later. Each July 1 after July 1, 1987, contributions and interest shall be credited with three (3) percent interest. Once credited, the interest and contributions made by the employee to the pension fund shall be payable to the employee upon separation from the city employment, except that no such payment will be made to an employee granted a pension in accordance with this Chapter XVII, Section 3.

The employee contributions to the pension fund of employees represented by Local 1018 A/B Hartford Federation of School Health Professionals will be credited with three (3) percent interest on such contributions. Present employees will be credited with such interest on their contributions after August 31, 1988, or to the date of their employment, whichever is later. Each July 1 thereafter, contributions and interest credited as of the previous calendar year on June 30 will be credited with three (3) percent interest. Once credited, the interest and contributions made by the employee to the pension fund shall be payable to the employee upon separation from the city employment, except that no such payment will be made to an employee granted a pension in accordance with this Chapter XVII, Section 3.

The employee contributions to the pension fund of employees represented by Local 1018 of Hartford Federation of Corridor Supervisors will be credited with three (3) percent interest on such contributions. Present employees will be credited with such interest on their contributions after June 30, 1988, or after the date of their employment, whichever is later. Each July 1 thereafter, contributions and interest credited as of the previous calendar year on June 30 will be credited with three (3) percent interest. Once credited, the interest and contributions made by the employee to the pension fund shall be payable to the employee upon separation from the city employment, except that no such payment will be made to an employee granted a pension in accordance with this Chapter XVII, Section 3.

The employee contributions to the pension fund of employees represented by Local 3534 of Hartford Federation of Technical Support Personnel will be credited with three (3) percent interest on such contributions. Present employees will be credited with such interest on their contributions after July 1, 1988, or after the date of their employment, whichever is later. Each July 1 thereafter, contributions and interest credited as of the previous calendar year on June 30 will be credited with three (3) percent interest. Once credited, the interest and contributions made by the employee to the pension fund shall be payable to the employee upon separation from the city

employment, except that no such payment will be made to an employee granted a pension in accordance with this Chapter XVII, Section 3.

As of July 1, 1988, all employees who are members of the Hartford Federation of School Secretaries shall contribute to the pension fund a total of four (4) percent of the employee's earnings on which social security taxes are paid and seven (7) percent of the balance of the employee's earnings to be deducted at each pay period and credited to his or her account in the fund. This contribution shall be lieu of any previous contributions required.

Contributions to the pension fund by employees represented by Local 1018-C, Hartford Federation of School Secretaries, HFT, CSFT, AFT, AFL-CIO will be credited with three (3) percent interest. Said interest will be credited to contributions as of June 30, 1988, or the employee's date of employment, which[ever] is later. Each July 1, after July 1, 1988, contributions and interest shall be credited with three (3) percent interest. Once credited, the interest and contributions made by the employee to the pension fund shall be payable to the employee upon separation from the city employment except that no such payment will be made to an employee granted a pension in accordance with Chapter XVII, Section 3.

As of July 1, 1991, all employees then represented by the Hartford Educational Support Personnel (HESP) or Hartford Schools Support Supervisors Association (HSSSA), will have credited to their employee contributions to the pension fund three (3) percent interest on all contributions previously made by such employees and all interest previously earned thereon as of June 30, 1990. Each July 1, thereafter, contributions and any interest credited as of the previous calendar year June 30, will be credited with three (3) percent interest. Once credited, the interest and contributions made by the employee to the pension fund shall be payable to the employee upon separation from city employment except that no such payment will be made to an employee granted a pension in accordance with this Chapter XVII, Section 3. (Ord. No. 19-94, 6-13-94)

(k) *Contributions by city.* The city shall pay annually into the fund such proportion of the pay of all members employed by the city as may be determined from time to time by the pension commission on sound actuarial principles to be necessary in addition to the contributions by members to provide future pensions based on service rendered by members. The pension commission shall make a complete actuarial study of the experience of the retirement system established by this section at intervals of no more than five (5) years and shall thereupon readjust the contributions to be made by the city.

(l) *Assignments prohibited.* Any assignment by a member, beneficiary or spouse of any allowance or benefit payable under the terms of this section shall be void. Each such allowance and benefit shall be for the support of the member, beneficiary or spouse entitled thereto and shall be exempt from the claims of creditors of such member, beneficiary or spouse, provided, if the provisions of this section are contrary to the laws governing a particular set of circumstances, as to that set of circumstances, any allowance or benefit payable hereunder shall be exempt to the maximum extent permitted by law.

(m) *Coordination with federal social security coverage.* In the case of any employee who was a member of the fund prior to the effective date of this act, and who is included in social security coverage thereby, if the pension commission should find that the sum of a normal retirement allowance or a disability retirement allowance plus the security benefit which such member is entitled to receive resulting from city service should be less than the allowance he would receive under the terms of the municipal employees' retirement fund in existence prior to the effective date of this act, then the commission shall increase his allowance accordingly for the period during which the lower total benefits would otherwise apply.

(n) *Effect of repeal.* In case of the repeal of this section, the liability of the city to members of the municipal employees' retirement fund shall be limited to the amount of their respective contributions thereto, provided all retirement allowances vested by retirement shall be paid in full in accordance with the provisions of this section.

(o) *Hartford Public Library employees.* Any full-time salaried employee or part-time professional employee entering the employ of the Hartford Public Library on or after January 1, 1959, shall be a member of Part B of the municipal employees' retirement fund, shall be entitled to all the benefits thereof, and shall make contributions thereto, all in the same manner as if he were an employee of the City of Hartford. Any full-time salaried employee or part-time professional employee who is in the employ of the Hartford Public Library on December 31, 1958, may elect to become a member of the municipal employees' retirement fund as of January 1, 1959, by filing a written request therefor with the pension commission not later than January 15, 1959; after filing such request, said employee shall be entitled to all the benefits thereof, based on service rendered on and after January 1, 1959, and shall make contributions thereto from the same date, all in the same manner as if he were an employee of the City of Hartford. In addition, any such employees who have credit for service rendered to the Hartford Public Library for any period prior to January 1, 1959, under the pension plan maintained by the library with the Connecticut General Life Insurance Company shall be given credit in the municipal employees' retirement fund for the same period of service, but any benefits paid to such employee from the municipal employees' retirement fund shall be reduced by the amount of any annuity payable under the terms of the Connecticut General plan. Library employees who make this election shall become members of Part B of the municipal employees' retirement fund if they have previously expressed a desire for social security coverage; otherwise they shall be members of Part A of the municipal employees' retirement fund. Any library employee eligible to elect to become a member of the municipal employees' retirement fund, who fails to make such election before January 16, 1959, shall be deemed to have waived his rights to membership therein and benefits therefrom; failure to file such election on time shall not, however, invalidate his rights if it shall be shown to the satisfaction of the pension commission that it was not reasonably possible for him to file such an election on time, and that he did file such an election as soon as it was reasonably possible to do so.

(p) *Vesting:*

(1) All pension benefits under the provisions of the municipal employees' retirement fund shall vest in each employee, except policemen and firemen, upon completion of ten (10) years' service regardless of age, provided said employee leaves his contributions in the pension fund and further provided that any retirement benefits shall be payable in accordance with sections (b) or (d) hereinbefore at the election of the employee, except that any survivor benefits hereinafter provided shall attach to the vesting privilege but shall be payable only at such time as the member becomes eligible, or would have become eligible in the case of a deceased member, under the provisions of sections (b) or (d).

(2) On or after July 1, 1981, any policeman or fireman with at least ten (10) years of continuous service as such policeman or fireman may leave the service of the city and may vest his/her pension benefits. Such benefits will be payable on the date on which he/she would have completed twenty-five (25) years of service and will be based on two (2) percent of his/her final average salary for each whole year of service.

(q) *Survivor's allowance.* In lieu of the provisions of section (i), the surviving widow or widower of any member of the municipal employees' retirement fund who shall retire or who shall be eligible for retirement, or whose pension benefits shall have become vested under section (p), after July 1, 1968, except policemen and firemen shall, upon the death of said member, but not prior to the date on which said member would have been eligible to retire under sections (b) or (d), receive a monthly allowance from the municipal employees' retirement fund equal to one-half (½) the monthly allowance being received by said member, or which said employee would have been entitled to receive if retired, at the time of his or her death until said widow or widower dies or remarries. The terms "widow" and "widower" as used in this section shall be limited in their meanings to the surviving spouse of such member

who shall have been married to him or her prior to his or her retirement which shall be deemed to mean the date of his termination of active employment.

In addition to the contributions provided in section (j) hereinbefore, each member of the municipal employees' retirement fund eligible for the survivor's benefits hereinbefore provided, including nonbargaining employees of the board of education, shall contribute to the fund one (1) percent of his total pay in the same manner as provided in said section (j), except that all other employees of the board of education who are members of the municipal employees' retirement fund shall contribute to the fund one (1) percent of his pay on which social security taxes are not deducted only.

(r) *Transfers from the municipal employees' retirement fund.* Any member leaving the employment of the City of Hartford or other covered employment may transfer, if he is eligible for such transfer to the employees' retirement system of the federal government of the United States, or the retirement system of a state or any political subdivision thereof within the United States, which is being operated on an actuarial basis with contributions made during the active service of new members which are computed to be sufficient to provide the reserves needed to cover the retirement benefits payable on their account. Such transfer may not become effective, however, unless an appropriate agreement of reciprocity is executed. Upon approval of the pension commission, the actuarial reserve for the member's vested annuity benefit, as determined by the commission shall be transferred to the retirement system under which the employee will be covered in his new position.

(s) *Transfers to the municipal employees' retirement fund.* Any person who has not attained his sixtieth birthday and who is a member of the employees' retirement system of the federal government of the United States or the retirement system of a state or any political subdivsion thereof within the United States which is being operated on an actuarial basis with contributions being made during the active service of new members which are computed to be sufficient to provide the reserves needed to cover the retirement benefits payable on their account may, upon approval of the pension commission, transfer his membership to the municipal employees' retirement fund upon accepting employment with the City of Hartford; provided, however, such transfer may not become effective unless an appropriate agreement of reciprocity is executed. In order to transfer credit for such prior service, the member shall pay or cause to be paid into the municipal employees' retirement fund the amount of money required, as determined by the pension commission to purchase in full such credited service. In no event shall there be any city contributions made toward the purchase of such service. Whenever such employee enters the municipal employees' retirement fund, he must elect within thirty (30) days of entrance into said fund or of the date of adoption of this section, whichever is later, to purchase credit for such prior service. If the pension commission approves the payment of money due on an extended payment basis, interest at a rate to be determined by the pension commission, but not exceeding six and one-half (6½) percent per annum, may be charged. No credit under the municipal employees' retirement fund shall be granted, however, for any period of prior service for which the employee is either receiving a retirement benefit or has retained a vested benefit.

(t) *Limitation on credited service.* Notwithstanding any other provision of this section or of this article, any credited service earned, given or purchased by a member may not be used for qualifying that member for retirement benefits before normal retirement age and at least five (5) years of actual city service.

(u) [*Transferees from other departments.*] Any employees who transfer to the uniformed fire service from other city departments shall receive coverage under the provisions of the municipal employees' retirement fund as such provisions relate to other firemen, provided that employees so transferred shall be eligible for normal retirement benefits under their new coverage upon completion of twenty-five (25) years of service with the city, and provided further that such employees must complete at least fifteen (15) years in the fire department and, at the time of

transfer, must pay into the municipal employees' retirement fund a sum of money equal to the difference between what the employee has paid into the municipal employees' retirement fund and what he would have paid had his entire municipal service been with the fire department, together with interest thereon as determined by the pension commission.

(v) *Length of service to include prior qualified noncity service.*

(i) For purposes of this subsection, the following terms shall have the meanings ascribed thereto below:

(1) *"Qualified Noncity Service"* shall mean that period of any service provided to a Qualified Noncity Organization as a full time employee (which, in the case of government service, shall also include any service as an elected or appointed official)(A) for which said member is neither receiving a retirement benefit nor has retained a vested benefit, (B) during which he or she did not hold any office or position with the City of Hartford or any other Qualified Noncity Organization for which such member seeks to be or has been given credit hereunder, and (C) for which said member, if his or her Section 3(v) Employment Date is on or after October 1, 1998, neither is, has been, nor will become, eligible to receive any credit pursuant to subsection (s) above, and;

(2) A *"Qualified Noncity Organization"* shall mean the State of Connecticut or any political subdivision thereof and the Hartford Housing Authority;

(3) A member's *"Section 3(v) Employment Date"* shall be that date on which he or she was first employed by the City after accruing the Qualified Noncity Service for which he or she seeks to be given credit pursuant to this subsection;

(4) A member's *"Section 3(v) Earnings"* shall equal the greater of (A) the actual earnings received by such member from the Qualified Noncity Organization from whom, and during the time, he or she provided the service for which he or she seeks to be provided credit hereunder, or (B) such member's Effective Noncity Earnings during such period; and

(5) A member's *"Effective Noncity Earnings"* shall equal such member's actual earnings as a City employee during the first year following his or her Section 3(v) Employment Date (hereinafter, his or her "Post Noncity Earnings"), except when, and then only if, such member is a Returning Member, in which case, such member's Effective Noncity Earnings shall equal the lesser of (A) his or her Post Noncity Earnings, or (B) the average of (i) such member's Post Noncity Earnings, and (ii) his or her earnings during the last year in which he or she served as a City employee before accruing the Qualified Noncity Service at issue;

(6) A *"Returning Member"* shall mean any member who, pursuant to other provisions of this Chapter, has or is to be given credit for at least one (1) year of Prior City Service in the computation of his or her retirement allowance;

(7) A member shall be deemed to have *"Prior City Service"* if he or she was a member of the MERF prior to providing the service to the Qualified Noncity Organization for which he or she may be given credit hereunder;

(8) A *"Qualifying Member"* shall mean any member who is not a member of a bargaining unit and is entitled to receive Nonbargaining Pension Benefits as defined in subsection (b) above.

(ii) Any Qualifying Member whose effective date of retirement occurs on or after October 1, 1998, shall have the option to be credited with up to four (4) years of any of his or her Qualified Noncity Service in the calculation in his or her length of service for purposes of determining his or her retirement allowance subject to and in

accordance with the terms of this subsection. Any member who wishes to exercise this option must provide written notice of his or her desire to do the same by December 31, 1999 or one (1) year of his or her employment as a nonbargaining unit city employee, whichever is later, and shall thereafter pay the municipal employee's retirement fund an amount equal to the contributions required pursuant to this subsection (hereinafter, his or her "Section 3(v) Contribution") in the manner and on the terms specified by the pension commission. The period of such service for which the member receives credit hereunder shall not be used to establish eligibility for any retirement benefits unless such member already has obtained a vested interest in such benefits. Once a member has obtained a vested interest in his or her retirement benefits, the period of such member's Qualified Noncity Service for which he or she is to be given credit hereunder shall be counted for the purpose of both determining such member's eligibility to receive, and computing the amount of, his or her normal retirement allowance.

(iii) Any member who elects to exercise the option to purchase additional pension credit pursuant to this subsection shall make a contribution to the fund therefor equal to the sum of (1) the product of his or her Section 3(v) Earnings times the contribution rate which was in effect for such member as of his or her Section 3(v) Employment Date, and (2) interest on the amount derived pursuant to the foregoing calculation at the rate of seven (7) percent per annum from said Section 3(v) Employment Date to the date the pension commission approves such member's application to purchase any credits hereunder. All such amounts shall be paid to the fund in the manner and on the terms specified by the pension commission, providing, however, that no contributions which are required to be made pursuant to this subparagraph shall be "picked-up" and paid by the City of Hartford pursuant to the provisions of section 3(y) of this Chapter.

(iv) Nothing in this subsection shall be deemed to entitle any member to receive a retirement allowance in excess of that amount which may be specified to be, or which operates as, a maximum limit on the amount of any benefit which may be paid to such member pursuant to any other provisions of this Chapter. In the event that any member's retirement allowance would exceed any such limit if he or she were given credit for any Qualified Noncity Service time purchased thereby, the fund shall refund such member the amount of his or her contributions applicable thereto with interest at the rate of three (3) percent per annum from the date such contributions were fully paid to the date they are refunded by the pension commission.

(w) *Credit for armed forces personnel.* Any member who is not employed by the board of education and not represented by a bargaining unit, who, prior to his or her date of employment with the City of Hartford served in any branch of the armed forces of the United States, during any part of the times set forth in Section 27-103 of the General Statutes of Connecticut, shall be credited with the length of such service including periods before or after said times to the extent that he or she makes contributions to said fund for all or any part of the period of such service, not to exceed four (4) years. Such contributions shall be at the same rate as said employee was charged when he or she first became a member of the municipal employees' retirement fund with interst at the rate of seven (7) percent per annum payable on or before January 1, 1985, by members employed on or before January 1, 1984, and within one (1) year of such employment thereafter. The period of such service for which the member receives credit shall be counted for the purpose of computing the amount of his or her retirement allowance, provided such member shall have completed ten (10) years of continuous service or fifteen (15) years of active aggregate service with the City of Hartford or shall be retired prior thereto due to disability incurred in the course of his or her employment.

Any member who is a member of the bargaining unit represented by Hartford Federation of School Secretaries, Local 1018-C, HFSS-HFT AFT, AFL-CIO, who, prior to his or her date of employment with the City of Hartford served in any branch of the armed forces of the United States, during any part of the times set forth in Section 27-103 of the General Statutes of Connecticut, for which time he is neither receiving nor eligible to receive a pension, shall be credited with the length of such service to the extent that he or she

makes contributions to said fund for all or any part of the period of such service, not to exceed four (4) years. Such contributions shall be at the same rate as said employee was charged when he or she first became a member of the municipal employees' retirement fund with interest at the rate of seven (7) percent per annum payable on or before January 1, 1987, by members employed on or before January 1, 1986, and within one (1) year of such employment thereafter. The period of such service for which the member receives credit shall be counted for the purpose of computing the amount of his or her retirement allowance, provided such member shall have completed ten (10) years of continuous service or fifteen (15) years of aggregate service with the City of Hartford or shall be retired prior thereto due to disability incurred in the course of his or her employment.

Any member who is a member of the bargaining unit represented by Hartford Federation of School Health Professionals, Local 1018 A/B who, prior to his or her date of employment with the City of Hartford served in any branch of the armed forces of the United States, during any part of the times set forth in Section 27-103 of the General Statutes of Connecticut, for which time he is neither receiving nor eligible to receive a pension, shall be credited with the length of such service to the extent that he or she makes contributions to said fund for all or any part of the period of such service, not to exceed four (4) years. Such contributions shall be at the same rate as said employee was charged when he or she first became a member of the municipal employees' retirement fund with interest at the rate of seven (7) percent per annum payable on or before September 1, 1989, by members employed on or before September 1, 1988, and within one (1) year of such employment thereafter. The period of such service for which the member receives credit shall be counted for the purpose of computing the amount of his or her retirement allowance, provided such member shall have completed ten (10) years of continuous service or fifteen (15) years of aggregate service with the City of Hartford or shall be retired prior thereto due to disability incurred in the course of his or her employment.

Any member who is a member of the bargaining unit represented by Hartford Federation of Corridor Supervisors, Local 1018, Hartford Federation of School Health Professionals, Local 1018 A/B, Hartford Federation of School Secretaries, Local 1018-C, Hartford Federation of Technical Support Personnel, Local 3534, or Local 818, Building and Grounds Supervisors and any non-bargaining unit employees of the board of education, who, prior to his or her date of employment with the City of Hartford served in any branch of the armed forces of the United States, during any part of the times set forth in Section 27-103 of the General Statutes of Connecticut, for which time he or she is neither receiving nor eligible to receive a pension, shall be credited with the length of such service to the extent that he or she makes contributions to said fund for all or any part of the period of such services, not to exceed four (4) years. Such contributions shall be at the same rate as said employee was charged when he or she first became a member of the municipal employees' retirement fund with interest at the rate of seven (7) percent per annum payable on or before one (1) year after the date of adoption of this paragraph by members employed on or before such date of adoption, and within one (1) year of such employment thereafter. The period of such service for which the member receives credit shall be counted for the purpose of computing the amount of his or

her retirement allowance, provided such member shall have completed ten (10) years of continuous service or fifteen (15) years of aggregate service with the City of Hartford or shall be retired prior thereto due to disability incurred in the course of his or her employment.

Any nonbargaining unit employee of the Hartford Board of Education who, prior to his or her date of employment with the City of Hartford served in any branch of the armed forces of the United States, during any part of the times set forth in Section 27-103 of the General Statutes of Connecticut, for which time he or she is neither receiving nor eligible to receive a pension, shall be credited with the length of such service to the extent that he or she makes contributions to said fund for all or any part of the period of such service, not to exceed four (4) years. Such contributions shall be at the same rate as said employee was charged when he or she first became a member of the municipal employees' retirement fund with interest at the rate of seven (7) percent per annum payable on or before one (1) year after the date of adoption of this paragraph by members employed on or before such date of adoption, and within one (1) year of such employment thereafter. The period of such service for which the member receives credit shall be counted for the purpose of computing the amount of his or her retirement allowance, provided such member shall have completed ten (10) years of continuous service or fifteen (15) years of aggregate service with the City of Hartford or shall be retired prior thereto due to disability incurred in the course of his or her employment.

Any member who is a member of the bargaining unit represented by Local 3534 of Hartford Federation of Technical Support Personnel, prior to his or her date of employment with the City of Hartford served in any branch of the armed forces of the United States, during any part of the times set forth in Section 27-103 of the General Statutes of Connecticut, for which time he or she is neither receiving nor eligible to receive a pension, shall be credited with the length of such service to the extent that he or she makes contributions to said fund for all or any part of the period of such services, not to exceed four (4) years. Such contributions shall be at the same rate as said employee was charged when he or she first became a member of the municipal employees' retirement fund with interest at the rate of seven (7) percent per annum payable on or before one (1) year after the date of adoption of this paragraph by members employed on or before such date of adoption, and within one (1) year of such employment thereafter. The period of such service for which the member receives credit shall be counted for the purpose of computing the amount of his or her retirement allowance, provided such member shall have completed ten (10) years of continuous service or fifteen (15) years of aggregate service with the City of Hartford or shall be retired prior thereto due to disability incurred in the course of his or her employment.

Any member who is a member of the Hartford Education Support Personnel bargaining unit or the Hartford School Support Supervisors Association, who, prior to this or her date of employment with the City of Hartford served in any branch of the armed forces of the United States, during any part of the times set forth in Section 27-103 of the General Statutes of Connecticut, for which time he or she is neither receiving nor eligible to receive a pension, shall be credited with the length of such service to the extent that he or she makes contributions to said fund for all or any part of the period of such service, not to exceed four (4) years. Such contributions shall be at the same rate as said employee was charged when he or she first became a member of the municipal employees retirement fund with interest at the rate of seven (7) percent per annum payable on or before June 30, 1995, by members employed on or before July 1, 1994, and within one (1) year of the commencement of such employee's employment thereafter. The period of such service for which the member receives credit shall be counted for the purpose of computing the amount of his or her retirement allowance, provided such member shall have then completed ten (10) years of continuous service or fifteen (15) years of aggregate service with the City of Hartford or shall be retired prior thereto due to disability incurred in the course of his or her employment. (Ord. No. 20-94, 6-13-94)

Notwithstanding any provisions of this chapter to the contrary, any nonbargaining unit employee and any bargaining unit employee whose collec-

tive bargaining agreement is amended to incorporate the provisions of this paragraph who, prior to his or her most recent date of employment with the City of Hartford, served in any branch of the armed forces of the United States during any of the periods set forth in Section 27-103 of the General Statutes of Connecticut, for which time he or she neither is receiving nor eligible to receive a pension and who, as of the effective date of this ordinance, (i) is both a member of the fund and an active employee; (ii) is not then receiving, and is not then eligible to receive, any of the benefits provided under this chapter; and (iii) has not theretofore purchased pension service credit for such service from the fund, may purchase such credit for all or any portion of such service, subject to and in accordance with the terms of this paragraph. Any employee eligible to purchase pension service credit pursuant to this paragraph who desires to exercise this option must (1) notify the city treasurer in writing on or before the ninetieth (90th) day following the effective date of this ordinance of his or her election so to do, and (2) thereafter make such contributions to the fund as are required hereby. Such contributions shall be made on or before the expiration of thirty (30) days following the date the employee is advised in writing as to the amount of any contribution that will be required to be made by him or her hereunder at the same rate as said employee was charged when he or she most recently became a member of the fund with interest at the rate of seven percent (7%) per annum between the date of such employment and the thirtieth (30th) day following the date the aforementioned advice is provided to such employee. The period of such service for which the member purchases credit shall not be used to satisfy any of the eligibility requirements for any allowance under this chapter, but shall, to the extent that it constitutes qualified service, be counted for the purpose of computing the amount of his or her retirement allowance for which he or she otherwise is eligible, provided such member either shall have completed at least ten (10) years of continuous service, or fifteen (15) years of active aggregate service, with the City of Hartford or shall be retired prior thereto due to disability incurred in the course of his or her employment. Any pension service credit which is purchased pursuant to this paragraph (hereinafter, "purchased service") shall constitute "qualified service" if, and only if, each of the foregoing conditions are satisfied with respect thereto: (A) the length of such purchased service, when combined with other military service for which such employee may previously have purchased credit, does not exceed four (4) years in total; and (B) in the event any portion of an employee's such purchased service is for other than an entire year of service, such employee has additional partial years of service credit which, when combined with other service for which such employee is entitled to be given pension service credit, results in such employee's having another whole year of service. No employee who purchases any pension service credit pursuant to this paragraph shall be entitled to receive an allowance in excess of the lesser of (a) the maximum percentage of final average pay the employee is permitted to receive as a retirement benefit pursuant to the provisions of this chapter or an applicable collective bargaining unit agreement; or (b) the IRC Maximum Benefit. The amount of any contributions which are made pursuant to this paragraph to purchase any pension service credit that ultimately is unable to be included in the computation of member's retirement allowance shall be refunded to the member or his beneficiaries with interest at the rate of three percent (3%) per annum from the date such contributions were fully paid by such member until the date they are so refunded. For purposes of this paragraph, the effective date of this ordinance shall be the date of its adoption, except in the case of a bargaining unit employee, in which event that date shall be the date on which his or her collective bargaining agreement is amended to incorporate the provisions of this paragraph.

(x) Notwithstanding any other provisions of this section to the contrary, whenever any contributions to the fund by any member are required to be made based upon a percentage of the employee's earnings on which social security taxes are paid (hereinafter "social security wages"), or any member's pension benefits are based upon such member's social security wages, and in either event, such member is or was a participant in any plan offered by the City of Hartford under Section 125 of the Internal Revenue Code or any

like provisions of the code whereby the employee's earnings on which social security taxes are paid, are or were reduced by such employee's contributions under such plan (hereinafter, a "pre-tax benefit plan"), such contributions shall be made and such benefits shall be provided in the same amounts and in the same manner as if such member was not a participant in such pre-tax benefit plan; it being the intent hereof that any member's participation in a pre-tax benefit plan shall not have any effect on the timing and amounts of such member's contributions to or benefits from the fund. Without limiting the generality of the foregoing, any member who participates in a pre-tax benefit plan whose contributions to the fund are calculated based upon such member's social security wages shall contribute to the fund in those amounts and in that manner such that (i) such member's social security wages shall be deemed to include any amounts not subject to taxation by reason of such member's participation in such pre-tax benefit plan, and (ii) any increased contributions which otherwise are required to be made by such member in any given year on the balance of such member's earnings on which social security taxes are not paid (hereinafter, "excess wages"), shall commence only when such member has earned that amount when, but for such member's participation in a pre-tax benefit plan, such member otherwise would be required to begin making such increased contributions, but thereafter shall be made in respect of the total of such member's social security wages and his or her excess wages. Additionally, if any member's pension benefits are based upon such member's final average pay and/or social security wages, such pay and wages shall include any amounts not subject to taxation by reason of such member's participation in a pre-tax benefit plan.

(y) *The City of Hartford pickup of mandatory retirement contributions to the municipal employee's retirement fund:*

(1) The City of Hartford hereby establishes a 414(h)(2) pickup plan under Section 414(h)(2) of the Internal Revenue Code of 1986, as amended, (the "Code") subject to and in accordance with the terms set forth in this subsection. The purpose of this plan is to enable certain employees' mandatory contributions to the municipal employees' retirement fund to be made in such a manner that the value of such contributions are neither subject to the payment of federal income taxes until such contributions are distributed to such employees, nor withholding of such taxes when such contributions are made, all as and to the extent permitted by the Code.

(2) Notwithstanding any other provisions of the Charter to the contrary, the City of Hartford shall pick up and pay all contributions which are required to be made to the municipal employees' retirement fund by nonbargaining unit employees, and all contributions which are required to be made to such fund by bargaining unit employees, if the collective bargaining agreement therefor provides for the implementation of a Section 414(h)(2) Plan, (together the "414(h)(2) Plan Participants") in respect of earnings earned by such employees on or after January 10, 1993, or such later date as specified in any collective bargaining agreement. Nothing herein shall relieve any employee from any obligation to make any contributions to the fund, it being the intent and effect hereof instead, that the City of Hartford shall, as of the date specified above, simply pay each 414(h)(2) Plan Participant's contributions to the fund in lieu of such employee paying such contributions.

(3) In consideration of the City of Hartford's picking up such contributions, all employees whose pension contributions are picked up by the City of Hartford shall have their earnings reduced by an amount equal to

the contributions so picked up by the City of Hartford. Additionally, 414(h)(2) Plan Participants shall not have the option of electing to receive their pension contributions directly rather than having such amounts paid by the City of Hartford to the fund. Other than for federal income tax and withholding purposes, however, all employee pension contributions so picked up by the City of Hartford on behalf of any employee shall be considered to be included in such employee's annual gross salary and shall for all purposes of this Charter and the fund be deemed to be included in such employee's earnings and otherwise be treated in the same manner and to the same extent as employee pension contributions made prior to January 10, 1993.

(4) Notwithstanding anything set forth in subsection (a) of this section or any other provision of this Charter to the contrary: (1) on or after January 10, 1993, each and every nonbargaining unit employee of the city who is a member of the unclassified service also shall be a member of the municipal employees' retirement fund, unless (i) he or she elects (or already has elected) not to be a member of such fund prior to said date, or (ii) if he or she becomes a member of the unclassified service after January 10, 1993, he or she elects not to be a member of such fund within thirty (30) days of becoming a member of such service; and (2) any election not to be a member of the municipal employees' retirement fund which is made by, or is effective with respect to, any nonbargaining unit employee who is a member of the unclassified service on or after January 10, 1993 shall be irrevocable, unless (and then, only to the extent) he or she becomes a classified employee, in which case, he or she shall thereby become a member of such fund.

(5) Notwithstanding anything set forth in subsection (a) of this section or any other provision of this Charter to the contrary, all members of any collective bargaining unit (whether classified or unclassified) whose collective bargaining agreement provides for the implementation of a 414(h)(2) Plan, and who otherwise are eligible to participate in the municipal employees' retirement fund, shall be members of such fund.

(6) Notwithstanding anything set forth in subsection (w) of this section or any other provision of this Charter to the contrary, any member of the fund who makes contributions pursuant to the provisions of subsection (w) shall not have such amounts picked up by the City of Hartford pursuant to the provisions of this subsection.

(z) *Early retirement incentive provisions.*

(1) Any nonbargaining unit employee of the city or the Hartford Public Library, with at least twenty-five (25) years of service, who retires from city service and whose last day of work is between May 1, 1992 and September 30, 1992, both dates inclusive, shall be entitled to a normal retirement allowance without reduction because of age. Such an employee may continue on pay status to utilize accrued vacation as well as to obtain longevity pay and any pay increases that may affect the computation of his retirement benefit without affecting his or her eligibility to receive a normal retirement allowance as provided in this paragraph. In those instances where a September 30, 1992 retirement would cause an undue hardship to city operations, the city manager may grant a deferment in such cases to city employees which would enable those employees to continue to work beyond September 30, 1992, and still receive their normal retirement allowance as set forth herein, providing their last day of work for the city occurs on or before December 31, 1992.

(2) Any nonbargaining unit employee of the city or the Hartford Public Library, who is fifty-five (55) years of age with at least (10) years of service but less than twenty-five (25) years of service who retires from

city service and whose last day of work is between May 1, 1992 and September 30, 1992, both dates inclusive, shall be entitled to a normal retirement allowance without reduction because of age. Such an employee may continue on pay status to utilize accrued vacation as well as to obtain longevity pay and any pay increases that may affect the computation of his retirement benefit without affecting his or her eligibility or receive a normal retirement allowance as provided in this paragraph. In those instances where a September 30, 1992 retirement would cause an undue hardship to city operations, the city manager may grant a deferment in such cases to city employees which would enable those employees to continue to work beyond September 30, 1992 and still receive their normal retirement allowance as set forth herein, provided their last day of work for the city occurs on or before December 31, 1992.

(3) Any nonbargaining unit city employee, any nonbargaining unit employee of the Hartford Public Library, any nonbargaining unit sworn police officer or firefighter, and any member of a collective bargaining unit which has agreed to the provisions of this subsection (z)(3) (hereinafter in this subsection "an employee") who either is, or, by operation of subparagraph (a) below, becomes, eligible to take an early or normal retirement between June 15, 1993 and July 31, 1993, both dates inclusive, and who takes an early or normal retirement and whose last day of work is between, June 15, 1993 and July 31, 1993, both dates inclusive, shall be entitled to the following adjustments in both his or her eligibility to qualify for a pension and the calculation of his or her pension benefits if he or she so desires:

(a) Subject to the provisions of subparagraphs (b), (h), (i) and (j) hereof, said employee's eligibility to receive a normal or early retirement as well as the amount of said employee's pension benefit shall be determined as if said employee were five (5) years older and had five (5) more years of city service than actually is the case, providing, however, that if any such employee has at least twenty-five (25) years of service by operation of this subparagraph (a), said employee shall also receive a normal retirement benefit without reduction because of age;

(b) Subject to the provisions of subparagraphs (d), (h), (i) and (j) hereof, the maximum pension benefit which said employee shall be entitled to receive shall be the lesser of (i) eighty (80) percent of his or her final average pay, or (ii) one hundred (100) percent of the product of fifty-two (52) times his or her final regular weekly salary;

(c) Subject to the provisions of subparagraphs (h), (i) and (j) hereof, said employee's final average pay shall be computed by adding any amounts payable to such employee upon his or her retirement on account of unused sick time to such other amounts that would normally be included in the calculation of such employee's final average pay (exclusive of such amounts which otherwise would be normally included in such calculation on account of accrued sick time, if any), with the amounts payable for unused sick time included in such calculation as if such amounts were earned and paid on and as of his or her last day of work;

(d) Subject to the provisions of subparagraphs (h), (i) and (j) hereof, and commencing with the pension payment due in January 1995, and then in each of January 1996, 1997, 1998 and 1999, any pension benefit otherwise payable to said employee or his or her survivors hereunder shall be increased by a factor of three (3) percent per annum over the amount of said benefit which was or would