act. Except as otherwise provided herein, all persons entering the service of the city after the effective date of this act shall contribute to said fund, provided any member of the state teachers' retirement association, upon entering the service of the city, may elect to be excluded from the provisions of this section by so notifying the pension commission within two (2) months after beginning such service. Temporary, emergency and provisional employees shall not be required to contribute unless their employment shall be given a permanent status, at which time they shall begin contributing with respect to salaries received thereafter, and may elect to contribute with respect to salaries received during the twelve (12) months next preceding their employment being given a permanent status, by paying arrears of contributions without interest. Any employee who notified the pension commission in writing before September 15, 1943, of his election to be excluded from the provisions of this act may elect to contribute to the pension fund by notifying the pension commission in writing on or before September 15, 1945, and he shall be entitled to all the benefits thereof; provided he shall pay into the pension fund a sum equal to two and one-half (2½) percent of his salary from September 1, 1943, until such time as he elects to contribute.

(o) *Optional form of retirement allowance.* Any person who may become entitled to a retirement allowance in accordance with this section may, subject to such regulations as the pension commission may, from time to time, establish, elect to receive a reduced monthly retirement allowance with the provision that such retirement allowance, or such part thereof as may be specified by such person in his notice of election, shall be continued after his death to his spouse named in such election for as long as such spouse shall live. The reduced retirement allowance shall be in such an amount as may be determined by the pension commission to be the actuarial equivalent of the retirement allowance that would be payable were it not for the election of this option. The pension commission may provide that no person may elect this option unless he either makes such election in writing, filed with the pension commission at least three (3) years before the due date of his first retirement allowance payment, or passes a satisfactory health examination at the time of marking such election. Any city employee having become eligible to receive a reduced retirement allowance under the provisions of this subsection may elect to have that portion of such reduced retirement allowance which would become payable to such employee's spouse upon the death of such employee after retirement, become payable to such spouse upon the death of such employee before retirement, by notifying the pension commission of his election to subscribe to such regulations as may be established by such commission for that purpose, and said commission shall establish such regulations therefor as they deem equitable.

(p) *Appeals.* Any person aggrieved by any decision of said pension commission may, within fifteen (15) days from the date when such decision shall have been rendered, take an appeal to the court of common pleas or the superior court for Hartford County, which appeal shall be made returnable to such court in the same manner as that prescribed for civil actions brought to such courts. Notice of such appeal shall be given by leaving a true and attested copy thereof with said commission within twelve (12) days before the return date to which such appeal shall have been taken. The appeal shall state the reasons upon which it shall have been predicated. The authority issuing the citation in such appeal shall take from the appellant a bond or recognizance to said commission, with surety, to prosecute such appeal to effect. Said commission shall be required to return either the original papers acted upon by it, and constituting the record of the case appealed from, or certified copies thereof. The court, upon such appeal, shall review the proceedings of said commission and if, upon the hearing upon such appeal, it shall appear to the court that testimony is necessary for the equitable disposition of the appeal, it may take evidence or appoint a referee or committee to take such evidence as it may direct and report the same to the court, with his or its findings of fact and conclusions of law, which report shall constitute a part of the proceedings upon which the determination of the court shall be made. The court, upon such appeal, and after a hearing thereon, may reverse or affirm, wholly or partly, or may modify or revise the decision appealed from. Costs shall not be allowed against said commission unless it shall appear to the court

that it acted with gross negligence, in bad faith or with malice in making the decision appealed from.

(q) If an employee leaves the employ of the city and subsequently returns thereto, he shall be required to return to the city within one (1) year any contributions that he may have previously withdrawn, plus interest from the date of withdrawal, in order to include his former years of employment to the aggregate of his employment for the purposes of this act.

(r) If a member dies before retirement from a cause arising out of and in the course of his employment, as defined in the Workmen's Compensation Act, his widow shall receive a monthly survivor's allowance at a rate equivalent to fifty (50) percent of his annual pay at the time of his death, until she dies or remarries. If said member leaves a child or children under the age of eighteen (18), each such child shall receive a monthly survivor's allowance at a rate of ten (10) percent, as measured as above, until he reaches age eighteen (18), marries or dies, whichever comes first; however, if the member leaves no widow, each child's allowance shall be at the rate of fifteen (15) percent. The total annual survivors' allowances payable under this section plus workmen's compensation payments, if any, shall not exceed three-quarters of the member's average annual pay during the five (5) years immediately preceding his death. Any allowances paid under this subsection shall be in lieu of the refund of contributions provided by subsection 1(l); except that if the total allowances paid under this subsection should be less than the refund of contributions which would otherwise have been paid, then the excess of said refund over said allowances shall be paid in accordance with subsection 1(l). As used herein the term "widow" shall include "widower."

(s) The surviving spouse of any teacher who retires after July 1, 1968, and who at the time of retirement elects to receive an actuarially reduced pension according to existing tables and procedures, shall be entitled to receive a survivor's allowance equal to one-half of the teacher's retirement allowance as so actuarially reduced until said surviving spouse dies or remarries.

(t) In lieu of the provisions of section (s), the surviving spouse of any teacher who retires after July 1, 1968, shall be entitled to receive a survivor's allowance equal to one-half of the teacher's full retirement allowance until said surviving spouse dies or remarries, provided the teacher shall pay an amount equal to twenty (20) percent of the total contribution made by said teacher to the retirement fund to the date of retirement. This twenty (20) percent payment may be made in a single payment at the time of retirement or may be made in installments over the period of three (3) years next preceding the date of actual retirement. The term "surviving spouse" as used in this section and section(s) aforesaid shall be limited to the spouse of such member who shall have been married to him or her prior to his or her retirement.

(u) Any teacher who has retired between July 1, 1968 and the effective date of these amendments may exercise the elections of (s) or (t) above within sixty (60) days from the effective date of these amendments.

(Sp. Laws 1941, Act No. 527, Ch. XXVII, § 233; Sp. Laws 1943, Act No. 327, § 1; Sp. Laws 1945, Act No. 436, §§ 1, 2; Sp. Laws 1945, Act No. 386, §§ 1, 2; Sp. Laws 1945, Act No. 305; Sp. Laws 1947, Act No. 360, §§ 1—4; Sp. Laws 1947, Act No. 379; Sp. Laws 1955, Act No. 649; Ord. No. 1867, 9-11-67; Ord. No. 15-69, 6-2-69; Ord. No. 13-76, § 1, 7-12-76)

Editor's note—Section 233 of the 1941 Charter Revision referred to in the catchline of the above section was expressly validated and continued in force and effect for the persons participating in the fund provided for thereby, by section 1, Chapter XVII, Act No. 30, of the 1947 Charter; said section was retained in the 1967 Revised Charter without change. The effective date of subsections (s) through (u) is June 2, 1969.

Sec. 22. Social security for city employees—Contributions by employees; qualifications; computing allowances.

(a) The retirement system for city employees established by section 233 of Number 547 of the Special Acts of 1941, as amended, is further amended by adding the following: (a) Hereafter, each member of the system, except teachers, shall contribute to the system two (2) percent of that portion of his pay on which social security taxes are paid, and five (5) percent of the balance of his pay, including the full amount of maintenance furnished to him; contributions of teachers shall

continue to be determined on the same basis as before.

(b) Qualifications as to age, service or disability required for a member to become eligible for a retirement allowance shall remain unchanged. However, all retirement allowances for members shall be computed by the same formula used in Section 1 of this act except as follows: (1) Retirement allowances for teachers shall continue to be determined on the same basis as before; (2) if the pension commission should find that for any individual who was a member of the system on the effective date of this act, the sum of any retirement allowance so computed plus the social security benefit which such member is entitled to receive resulting from city service should be less than the retirement allowance which would have been payable under the city employees' retirement system in the absence of this amendment, then the commission shall increase his allowance accordingly for the period during which the lower total benefits would otherwise apply.
(Sp. Laws 1957, Act No. 347, § 2)

Editor's note—Section 1 of this Act, being Act No. 347, Special Laws 1957 specifically amended section 3 of Chapter XVI (now XVII) of Act No. 30, Special Laws 1947, and may be found therein.

### Sec. 23. Same—Determining coverage.

Services of individuals in positions, other than policemen's or firemen's positions, covered under the retirement system for city employees or the municipal employees' retirement fund need not be excluded in determining coverage under the federal social security system.
(Sp. Laws 1957, Act No. 347, § 3)

### Sec. 24. Same—Division of employees in two parts for purpose of social security coverage; payment of taxes.

The pension commission shall establish regulations for subdividing the municipal employees' retirement fund and the city employees' retirement system each into two (2) parts. One (1) part of each, which shall be known as Part A shall be composed of the positions of members who have not expressed a desire for social security coverage, and the other part of each, which shall be known as Part B, shall be composed of positions of members who have expressed a desire to be covered under the Social Security Act. Part B of the municipal employees' retirement fund shall also include all individuals becoming members of that fund after the date such coverage under the Social Security Act is extended. The city shall arrange to include services of individuals in positions covered by Part B of the city employees' retirement system or Part B of the municipal employees' retirement fund, except policemen's or firemen's positions, in the coverage of the social security law. Coverage shall be made retroactive to January 1, 1956, or to the individual's date of employment with the city, if later. The city's share of the taxes necessary to secure this retroactive coverage shall be paid out of the retirement allowance fund or the municipal employees' retirement fund, as the case may be. Each individual entitled to retroactive coverage shall be liable for his own share of the necessary retroactive taxes to be paid out of the fund of which he is a member and shall be charged against his contributions thereto.
(Sp. Laws 1957, Act No. 347, § 4; Sp. Laws, Sept. Sess. 1957, Act No. 5, § 1)

Editor's note—Section 3 of Act No. 5, Sept. Session, Sp. Laws 1957 provided that section 19 of Public Act No. 465 shall not apply to Act No. 5.

### Sec. 25. Same—Deductions for employee's share; payment of city's share.

Each individual who is included under social security coverage shall have deducted from his pay at each pay period the employee's share of social security taxes. The city shall provide for the payment of its own share as an employer with respect to each such individual.
(Sp. Laws 1957, Act No. 347, § 5)

### Sec. 26. Same—Effective date.

Sections 1 and 2 of number 347 of the Special Acts of 1957 shall become effective as of the date on which an agreement is signed between the federal government and the State of Connecticut providing for social security coverage for city employees as described herein. The rest of said act shall be effective from date of passage. If, however, an agreement between the federal govern-

ment and the state is not signed before January 1, 1959, this act shall then become void.
(Sp. Laws 1957, Act No. 347, § 6; Sp. Laws 1957, Act No. 5, § 2)

   Editor's note—Section 1 of Act No. 347 specifically amended section 3, Chapter XVI (now XVII) of Act No. 30, Sp. Laws 1947 and may be located therein. Section 2 of Act No. 347 is numbered section 22 in this Appendix to Charter.

### Sec. 27. Teachers' retirement—Election privileges of members of state teachers' retirement association.

Any member of the state teachers' retirement association who elects to retire under the terms of the state teachers' retirement act, as amended, before attaining the age of sixty (60), but after completing at least thirty (30) years of service, and who is entitled to receive a retirement allowance from the City of Hartford, may elect to have a portion of the retirement allowance due from said city commuted and paid in one (1) sum. The pension commission of said city shall determine the amount of the lump sum payment so that it will be actuarially equivalent to the reduction in the retirement allowance. The maximum portion of the retirement allowance payable by the city which may be commuted shall be an amount equal to the retirement annuity benefit payable by the state teachers' retirement system with respect to such member's contributions thereto.
(Sp. Laws 1955, Act No. 18)

### Sec. 28. Same—Retirement credit for leaves of absence.

Any period of a leave of absence, not exceeding one (1) year in length, granted to any professionally certified employee by the Hartford board of education for such purposes of professional growth as such term is defined by said board, shall count as active service within the meaning of number 327 of the special acts of 1943, as amended, provided monthly payments to the Hartford retirement system for city employees shall be made on the basis of the salary to which such professionally certified employee would have been entitled if engaged actively in teaching in order to receive teaching credit. Such credit shall be limited to a total of one (1) year within a five-year period. Any such employee who was granted such leave prior to the effective date of this act may receive credit for such leave for retirement purposes, provided he shall pay into the Hartford retirement system such amount as would equal the contributions he would have made to said system during such period if he had been actively teaching, provided such credit shall be limited to a period of one (1) year within a five-year period.
(Sp. Laws 1957, Act No. 157)

   Editor's note—No. 327 is compiled as section 21 of this Appendix.

### Sec. 29. Same—Retirement credit for service in armed forces.

Any member of the teachers' retirement association who served or is serving in the armed forces, who, immediately prior to such service, was employed in the public schools of the City of Hartford or the City of New Haven and who reenters such employment in such city upon discharge from the armed forces, shall be credited for retirement purposes with the period of such service. The board of education of such city shall pay to the annuity fund the amounts due from such member for such period. If any such member dies prior to the effective date of his retirement, or prior to the date on which the coparticipant option becomes effective, as provided in section 10-167 of the general statutes, any amounts paid by the board of education of such city for the benefit of such member shall be used to finance death benefits to his survivors payable under section 10-168 of the 1967 supplement to the general statutes. Any board of education funds not used in the financing of survivorship benefits or retirement allowances shall be returned to the board of education of such city.
(Sp. Laws 1951, Act No. 279; Sp. Laws 1969, Act No. 147, § 1)

   Editor's note—This Act No. 279 was ratified by the voters of the City of Hartford on November 6, 1951.

### Sec. 30. Retirement credit for services in first world war.

The time during which any person who was employed by the City of Hartford at the time of his entry into the armed forces in the first world war served in such armed forces shall be considered, for retirement purposes, as a part of his total length of service to said city.
(Sp. Laws 1945, Act No. 328)

## POLICE BENEFIT FUND*

**Sec. 31. Charter 1941, section 234, as amended.**

(a) There shall be in the City of Hartford a fund to be known as the police benefit fund, to consist of: (1) Such sums of money as shall be appropriated to said fund from the treasury of the said city by the court of common council thereof; (2) all property specially devised or given for the benefit of disabled policemen of said city and property given to the police department of said city on account of services rendered by said department; (3) all lost, abandoned, unclaimed or stolen money and all moneys arising from the sale of unclaimed, abandoned, lost or stolen property in charge of the board of police commissioners of said city, at any time available for that purpose by the laws of this state; (4) all rewards, fees, gifts, testimonials and emoluments that may be presented to any member of the police force of said city on account of special services, except such as said board of police commissioners may allow any member or members to retain, and (5) the fund now known as "The Police Benefit Fund."

(b) The board of police commissioners of said city shall be a board of trustees of said fund, and the treasurer of the City of Hartford shall be the treasurer of said board. The president of the board of police commissioners shall be president of the board of trustees, and shall draw all orders upon such fund, which orders shall be countersigned by the secretary of said board of trustees, who shall be chosen by said trustees. The secretary shall keep a record of the proceedings of said board of trustees and all action taken by it in regard to said fund, and said board of trustees may direct the treasurer to invest any portion of said fund in any securities in which trust funds may be invested by the laws of the state or to deposit the same or any portion thereof in any of the savings banks of the state.

(c) Said board of trustees shall report to the court of common council yearly the condition of said fund, with all the items of receipts and disbursements on account thereof. If the income of the police benefit fund shall be found at any time insufficient to meet the requirements upon it, the court of common council, upon the application of said board of trustees, shall make an appropriation to make good such deficiency, and any prospective deficiency in the income of said fund shall be provided for by said court of common council in its annual appropriation for the police department.

(d) In addition to the regular and supernumerary police force of the City of Hartford, there shall be an honorary grade known as the veteran reserve, to which the board of police commissioners of said city may transfer any member or employee of the police department who shall, through age or through physical disability incurred in the discharge of his or her duties, become permanently disqualified for the active duties of the police department, but such transfer may be revoked at any time if the disability shall be removed and the member or employee shall thereupon be returned to active duty in the police department. The pay of a member of the veteran reserve shall be one-half of the mean between the pay which such member received when transferred to the veteran reserve and the current rate of pay of a member or employee of the department of the same or corresponding grade, but the board of police commissioners may, in case of emergency, call upon any member of the veteran reserve for such temporary service as he or she may be fit to perform and during such service he or she shall receive pay equal to said mean between his or her pay at the date of transfer to veteran reserve and the current rate of pay of members or employees of the department of the same or corresponding grade.

(e) Said board of police commissioners may permanently retire any member of the regular force or of the veteran who has become permanently disqualified from performing any duty, upon a certificate of a police surgeon or a committee of sur-

---

*Editor's note—Section 234 of the 1941 chapter revision was expressly validated and continued in force and effect for the persons participating in the fund provided for thereby, by section 1, Chapter XVII, Act No. 30, being the 1947 charter.

Cross references—Retirement credit for policemen and firemen for service in armed forces, Appendix, § 16. Retirement credit for police and fire department employees during World War II, Appendix, § 17. Female employees in police and fire departments included in pension plans, Appendix, § 20.

geons appointed by said board of police commissioners showing that such member is permanently disqualified for the performance of all police duty and that such disqualification is caused by the natural infirmities of old age or by some injury received, disease contracted or exposure endured while performing the duties of his service, without fault on his part. The rate of pay of any member of the force so retired shall be one-half the mean between such member's pay at the time of retirement and the current rate of pay of a member of the force of the same or corresponding grade.

(f) Said board of police commissioners shall permanently retire any member or employee of the police department upon his or her written request, when such member or employee has performed twenty-five (25) years of service in the department. Said period of twenty-five (25) years shall include active supernumerary service, whether public or private, so long as such supernumerary work was actually performed in the line of duty as a policeman. Said board of police commissioners shall permanently retire any member or employee of the police department when such member or employee shall reach the age of sixty-five (65) years or is of the age of sixty-five (65) years or over. The pay of an employee, so retired, shall be at the rate of one-half of such employee's pay at the time of retirement and the pay of any member of the force so retired shall be at the rate of one-half of the mean between such emplyee's pay at the time of retirement and the current rate of pay of a member of the force of the same or a corresponding grade.

(g) The foregoing subsection shall apply in favor of all persons who were members or employees of said police department on May 2, 1939, in the same manner as if the same had been in force and effect at the time of their appointment or employment.

(h) The rate of pay provided for members of the veteran reserve and retired members of the force under the previous provisions of this act shall hereafter apply to all members of the force whether retired or transferred to the veteran reserve before or after May 1, 1929.

(i) When any member of the police department, who shall have served as a regular member of such department, shall die, the widow of such member shall, subject to the provisions hereinafter contained, receive, until her death or remarriage, out of said police benefit fund, a monthly sum equal to one-fourth of the compensation received by such member at the time of his death, if in active service, or a monthly sum equal to one-half of the payments received by such member at the time of his death, if retired. If no widow shall survive him, or upon the death of his widow, if she shall survive him and shall not remarry, said board of police commissioners may, by the affirmative vote of the majority of its whole number, cause to be paid monthly to the legally appointed guardian of his child or children under the age of sixteen (16) years, for their use and benefit, a sum not exceeding in total the amount hereinbefore provided to be received by such widow and may, from time to time, apportion such sums between such children as it may deem best; provided, as each such child shall arrive at the age of sixteen (16) years, the payments to such child shall cease and the same may, from time to time, be stopped, or the amount thereof changed, by vote of a majority of the whole number of said commissioners with the approval of the mayor. No such payment or payments shall be allowed or paid to such widow or children so long as such widow or children shall receive, or be entitled to receive, compensation under the provisions of the compensation laws of this state. The term "widow" as used in this section shall be limited in its meaning to the surviving spouse of such member who shall have been married to him and living with him at the time of his death, if such member is an active member of said department, or who shall have been married to him prior to his retirement from said department and who shall be living with him as his wife at the time of his death. The term "child" or "children," as used in this section, shall be limited in its meaning to the child or children born to such member by his wife, to whom he was married at the time of his death, if an active member of said department, or to whom he was married prior to his retirement from such department, if retired. Each active member of said department shall pay to the police benefit fund, and there shall be deducted from the monthly salary of each active member, a sum equal to one (1) percent of his monthly salary, and each retired member of said department shall pay to the police benefit fund,

and there shall be deducted from his monthly salary or pension, a sum equal to one (1) percent of his salary or pension. Provided each person who is an active member of said department at the time of the effective date of this act, if he shall have so notified the treasurer of the police benefit fund in writing before September 15, 1943, may elect, and all persons entering the service of said department after the effective date of this act shall be required to pay to the police benefit fund, in addition to the payment of a sum equal to one (1) percent of his salary hereinbefore required, an additional payment of a sum equal to one and one-half (1½) percent of his salary, and thereafter shall be entitled to and shall receive upon retirement, under the provisions of this section, after more than twenty-five (25) years of service, additional pay equal to two (2) percent of the mean between such member's pay at the time of retirement and the current rate of pay of a member of the force of the same or corresponding grade multiplied by that figure by which the number of whole years of his service shall exceed twenty-five (25) years. Any member of the police department who did not elect to contribute to the police benefit fund as provided in this section may elect to contribute an additional payment of a sum equal to one and one-half (1½) percent of his salary by notifying the treasurer of the police benefit fund in writing on or before September 15, 1945, and he shall be entitled to all the benefits thereof; provided he shall pay into the police benefit fund a sum equal to one and one-half (1½) percent of his salary from September 1, 1943, until such time as he elects to contribute. Any member of the police department who notified the treasurer of the police benefit fund of his election to contribute an additional payment of a sum equal to one and one-half (1½) percent of his salary after September 15, 1943, and has made such contribution shall receive all the benefits he would be entitled to in the same manner as though he had notified the treasurer of the police benefit fund before September 15, 1943.

Any member of the police department who did not elect to contribute to the police benefit fund as provided in this section may elect to contribute an additional payment of a sum equal to one and one-half (1½) percent of his salary by notifying the treasurer of the police benefit fund in writing on or before September 15, 1957; and he shall be entitled to all the benefits thereof, provided he shall pay into said fund a sum equal to one and one-half (1½) percent of his salary from September 1, 1943, until such time as he elects to contribute. Any member of the police department who notified said treasurer of his election to contribute an additional payment of a sum equal to one and one-half (1½) percent of his salary from September 15, 1943, and who has made such contribution shall receive all the benefits he would be entitled to in the same manner as though he had notified said treasurer before September 15, 1943.

Any member of the police department who did not elect to contribute to the police benefit fund as provided in this section may elect to contribute an additional payment of a sum equal to one and one-half (1½) percent of his salary by notifying the treasurer of the police benefit fund in writing on or before September 15, 1970; and he shall be entitled to all the benefits thereof, provided he shall pay into said fund a sum equal to one and one-half (1½) percent of his salary from September 1, 1943, until such time as he elects to contribute. Any member of the police department who notified said treasurer of his election to contribute an additional payment of a sum equal to one and one-half (1½) percent of his salary from September 15, 1943, and who has made such contribution shall receive all the benefits he would be entitled to in the same manner as though he had notified said treasurer before September 15, 1943. (Ord. No. 17-70, 5-11-70)

(j) When a member of the police force, a retired member thereof or a member of the veteran reserve shall die leaving no widow or children as beneficiaries under the police benefit fund of the City of Hartford, payments under said fund shall be made by the police commissioners to any beneficiary previously designated by the deceased member. Such payments shall cease upon the marriage of such beneficiary, but otherwise shall continue for a period of ten (10) years.

(k) The pay of all members of the veteran reserve and of all retired members of the police department, together with any payments authorized to be made under the provisions of the foregoing

subsection, shall be a special charge upon the police benefit fund.

**Editor's note**—Section 235 of the 1941 Charter Revision was expressly validated and continued in force and effect for persons participating in the fund provided for thereby, by section 1, Chapter XVII, Act No. 30, being the 1947 charter.

**Cross references**—Retirement credit for policemen and firemen for service in armed forces, Appendix, § 16. Retirement credit for police and fire department employees during World War II, Appendix, § 17. Female employees in police and fire departments included in pension plans, Appendix, § 20.

(l) The provisions of sections 553 and 554 of the general statutes shall not apply to the City of Hartford.

(m) All payments of compensation heretofore made or provided for from the police benefit fund are validated and continued in force.
(Sp. Laws 1941, Act No. 527, Ch. XXVII, § 234; Sp. Laws 1943, Act No. 215; Sp. Laws 1943, Act No. 327, § 2; Sp. Laws 1945, Act No. 309; Sp. Laws 1957, Act No. 478; Ord. No. 17-70, 5-11-70)

**Editor's note**—Sections 553 and 554 now codified as sections 7-28 and 7-26 respectively, of the 1958 Revision of the General Statutes. The "Provided . . ." clause in the first paragraph of (i) was added by Act No. 327, Special Laws of 1943.

### FIREMEN'S RELIEF FUND

### Sec. 32. Charter 1941, section 235, as amended.

(a) There shall be in the City of Hartford a firemen's relief fund which shall consist of moneys received from the following sources: All bequests or donations to the fire department from private or public sources for the purpose for which this fund is constituted; monthly assessments on the salaries or pay of members of the fire department, not exceeding one (1) percent per annum thereof, as the board of trustees of said relief fund shall, from time to time, determine; all fines imposed by the board of fire commissioners, from time to time, upon any member or members of the fire department by way of discipline; all moneys received from the sale of condemned, unfit or unserviceable property under the control of the board of fire commissioners, where the same does not exceed the sum of two hundred fifty dollars ($250.00) in value for any one (1) article; all rewards, fees, gifts or emoluments that may be paid or given for extraordinary services rendered by an officer or member of the fire department, except when allowed to be retained by such officer or member by the board of fire commissioners; such sums of money as shall be appropriated to said relief fund from the treasury of the city by the court of common council thereof, and the fund now known as "The Firemen's Relief Fund."

(b) Said relief fund shall be under the general charge of a board of trustees composed of three (3) fire commissioners, to be elected annually by the board of fire commissioners, the treasurer of the City of Hartford and three (3) firemen in the active service of the Hartford fire department who, at the time of their election, shall have had at least five (5) years' active service in the department, and who shall be elected, by a majority vote of the entire department, in the manner provided in subsection (c) of this section. The new members of the board of trustees shall take office on the first day of October in each year and shall continue in office until their successors shall be chosen and shall have qualified. Any vacancies occurring in said board shall be filled for the unexpired portion of the term by special election of the board of fire commissioners or of the fire department, as the case may be. The board of trustees shall, annually, within two (2) weeks after the first day of October, organize and choose from their own number a president and a secretary of the board to serve for the ensuing year. The treasurer of the City of Hartford shall, by virtue of his office, be the treasurer of said board. The board of trustees shall have discretionary power to make and change the investments of said fund; they may make rules and regulations consistent with the provisions of this act, concerning the operation and management of said fund, the times and methods of election of members of the board of trustees and the form of application for relief, and may do all things necessary and proper towards carrying out the purposes of said fund. All orders drawn against said relief fund shall be signed by the president and countersigned by the secretary of said board.

(c) An election for trustee or trustees of the firemen's relief fund from the fire department shall be held annually at such time and place and under such regulations as the board of trustees shall appoint, but not later than the month of September. At least ten (10) days' notice of such elec-

tion shall be given. At the expiration of the term of each of the present trustees of the firemen's relief fund from the fire department his successor shall be elected to serve for a term of three (3) years. Special elections shall be held to fill vacancies in similar manner and upon like notice.

(d) Said board of trustees shall report to the court of common council annually, not later than the month of February, the condition of said fund, with all the items of receipts and disbursements on account thereof. If the income of the firemen's relief fund shall be found at any time insufficient to meet the requirements upon it, the court of common council, upon the application of said board of trustees, shall make an appropriation to make good such deficiency, and any prospective deficiency in the income of said fund shall be provided for the court of common council in its annual appropriations.

(e) From this relief fund said board of trustees, by a majority vote, may appropriate and cause to be paid such sums and at such times as it may deem advisable, except as hereinafter provided, to the following-named persons and for the following purposes: First. Any permanent member of said fire department who, upon such medical examination as the board of fire commissioners and said board of trustees may prescribe, shall be declared permanently disabled for the performance of ordinary duty, as the result of injury received or exposure endured in the performance of duty, shall be retired, but such retirement may be revoked at any time if the disability shall be removed, and such member shall thereupon be returned to active duty in the fire department on occasion of the first vacancy. The retirement compensation of any such member shall not exceed one-half the yearly compensation received by such member at the time of retirement, plus twenty-five (25) percent of any increase granted to active members of the Hartford fire department after the effective date of this act of equal or corresponding rank or grade; Second. Any member of said fire department whose term of service shall have been one (1) year or more of continuous, permanent service, who shall have become incapacitated from sickness contracted or injuries received while not in the actual performance of duty, and who, upon such medical examination as the board of fire commissioners and said board of trustees may prescribe, shall be declared permanently disabled for the performance of ordinary duty, may be retired upon the request of the board of fire commissioners, and, when retired, said board of trustees may direct annual compensation upon the following basis: If the term of service of such retired member shall have been one (1) year of continuous, permanent service, such annual compensation shall not exceed two (2) percent of the yearly compensation received by such member at the time of retirement; if his term of service shall include more than one (1) year of continuous, permanent service, the board of trustees may increase the annual compensation by allowing an additional two (2) percent for each year of continuous, permanent service rendered beyond the first year, provided, if his term of service shall have been more than twenty-five (25) years of continuous, permanent service, such annual compensation shall not exceed fifty (50) percent of his yearly compensation at the time of retirement; such members retired for nonservice-connected disability shall receive a percentage increase, in the event of any salary increases granted to active members of the Hartford fire department after the effective date of this act of equal or corresponding rank or grade. Such increase shall be equal to the percentage with which they were retired but in no event shall any such increase exceed twenty-five (25) percent; Third. Any permanent member of said department whose term of service shall include both call service and permanent service and who shall be retired after twenty-five (25) years' continuous service, shall, when retired, receive one-half the yearly compensation received by such member at the time of retirement, plus twenty-five (25) percent of any increase granted to active members of the Hartford fire department after the effective date of this act of equal or corresponding rank or grade. Each person who is an active member of said department at the time of the effective date of this act, if he shall have so notified the treasurer of the firemen's relief fund in writing before September 15, 1943, may elect, and all persons entering the service of said department after the effective date of this act shall be required, to pay to the firemen's relief fund, in lieu of the monthly assessment provided for in subsection (a) of this section, a sum equal to two and one-half (2½) percent of his salary,

87

and thereafter shall be entitled to and shall receive upon retirement, under the provisions of this section, after more than twenty-five (25) years of service additional pay equal to two (2) percent of the yearly compensation received by such member at the time of retirement, multiplied by that figure by which the number of whole years of service shall exceed twenty-five (25) years, plus twenty-five (25) percent of any increase granted to active members of the Hartford fire department after the effective date of this act of equal or corresponding rank or grade.

Any member of the fire department who did not elect to contribute to the firemen's relief fund as provided in this section may elect to contribute an additional payment of a sum equal to one and one-half (1½) percent of his salary by notifying the treasurer of the firemen's relief fund in writing on or before September 20, 1963; and he shall be entitled to all the benefits thereof, provided he shall pay into the firemen's relief fund a sum equal to one and one-half (1½) percent of his salary from September 1, 1943, until such time as he elects to contribute. Any member of the fire department who notified the treasurer of the firemen's relief fund of his election to contribute an additional payment of a sum equal to one and one-half (1½) percent of his salary from September 15, 1943, and who has made such contribution shall receive all of the benefits he would be entitled to in the same manner as though he had notified the treasurer of the firemen's relief fund before September 15, 1943.

Any member of the fire department who did not elect to contribute to the firemen's relief fund as provided in this section may elect to contribute an additional payment of a sum equal to one and one-half (1½) percent of his salary by notifying the treasurer of the firemen's relief fund in writing on or before September 15, 1970; and he shall be entitled to all the benefits thereof, provided he shall pay into the firemen's relief fund a sum equal to one and one-half (1½) percent of his salary from September 1, 1943, until such time as he elects to contribute. Any member of the fire department who notified the treasurer of the firemen's relief fund of his election to contribute an additional payment of a sum equal to one and one-half (1½) percent of his salary from September 15, 1943, and who has made such contribution shall receive all the benefits he would be entitled to in the same manner as though he had notified the treasurer of the firemen's relief fund before September 15, 1943. (Ord. No. 16-70, 5-11-70)

(f) The board of fire commissioners shall permanently retire any member of the fire department, upon written request of such member, when such member shall have performed twenty-five (25) years of service in the department. Said period of twenty-five (25) years shall include substitute fireman service if such substitute work is actually performed in the line of duty as a fireman. Said board of fire commissioners shall permanently retire any member of the fire department when such member shall reach the age of sixty-five (65) years or is of the age of sixty-five (65) years or over. The pay of any member of the department upon such retirement by said board of fire commissioners shall be from said relief fund, not to exceed one-half the yearly compensation received by such member at the time of retirement, plus twenty-five (25) percent of any increase granted to active members of the Hartford fire department after the effective date of this act of equal or corresponding rank or grade. In the event of the death of a retired member, his widow, while unmarried, shall receive not more than one-half of the yearly compensation received by such member at the time of his death. If any member shall marry after being retired and placed on the relief fund, neither his widow nor his children by such marriage shall, upon his death, participate in, or be entitled to any of the benefits accruing from said relief fund. The foregoing provisions of this subsection shall apply in favor of all persons who were members of said fire department on May 2, 1939, in the same manner as if the same had been in full force and effect at the time of their appointment.

(g) When any member of said fire department shall have been killed in the performance of duty or shall have died from the effects of injuries received or exposure endured in the performance of duty, said board of trustees shall, upon the request of the board of fire commissioners, direct annual compensation to be paid to his widow or other dependents hereinafter designated, not exceeding one-half the yearly compensation received

by such member at the time he was killed or when such injuries resulting in his death were received. Such annual compensation shall be paid from said relief fund to the widow of the deceased member; if he shall leave no widow, to his child or children under the age of sixteen (16) years, or over said age but physically or mentally incapacitated from earning a livelihood. If such deceased member shall leave no widow, or children under sixteen (16) years of age, or over said age but physically or mentally incapacitated from earning a livelihood, then such annual compensation shall be paid to such dependent father, mother, sister or other dependents as he may leave. Such annual compensation shall be payable in installments and for such periods as said board of trustees shall direct, provided such payments to his widow shall cease if she shall remarry and payments for each child shall cease as such child shall attain the age of sixteen (16) years, except a child physically or mentally incapacitated from earning a livelihood, in which case such payments shall cease when such incapacity shall be removed; and payments to any other dependents shall cease if such dependent shall marry. When a member of said fire department, whose term of service shall have been one (1) or more years of continuous, permanent service, shall have died from sickness contracted or injuries received while not in the actual performance of duties, said board of trustees shall, upon request of the board of fire commissioners, direct annual compensation to be paid to his widow or other dependents hereinafter designated upon the following basis: If the term of service of such member of the department at the time of his death shall include one (1) year of continuous, permanent service, such annual compensation shall not exceed one (1) percent of the yearly compensation received by such member at the time of his death; if such term of service shall include more than one (1) year of continuous, permanent service, such annual compensation may be increased by allowing an additional one (1) percent for each year of continuous, permanent service rendered beyond one (1) year, provided, if his term of service shall have been more than twenty-five (25) years of continuous, permanent service, such annual compensation shall not exceed twenty-five (25) percent of his annual compensation. Such annual compensation shall be paid from said relief fund to the widow of the deceased member, or to or for his other dependents in the same manner and under the same limitations as hereinbefore in this section provided in the case of compensation to the widow or other dependents of the member of said fire department who shall have been killed while in the performance of duty or shall have died from the effects of injuries received in the performance of duty.

When any member of said department leaves a widow entitled to benefits, upon the death of said widow the children of the member of said department under sixteen (16) years of age, or over said age but physically or mentally incapacitated from earning a livelihood, shall be entitled to compensation from the date of the death of such widow in the same manner and under the same limitations as if such widow had predeceased such member. Persons entitled to benefits from the firemen's relief fund at the time of the passage of this act shall be entitled to the same benefits as if this act had been in force at the time of the death of the widow of such member of the department.

(h) Substitute members of the fire department may receive benefits under this act subject to such regulations as the board of trustees of the relief fund may prescribe. Any such substitute member, detailed for permanent duty or special duty, who, upon such medical examination as the board of fire commissioners and said board of trustees may prescribe, shall be declared permanently disabled for the performance of ordinary duty, as the result of injury received or exposure endured in the performance of duty, may be retired on not more than one-half the mean between the yearly compensation received by a permanent member for the first year of service in the fire department at the time such substitute member is declared to be permanently disabled and the current yearly compensation of a permanent member of the department for the first year of service. Such retirement may be revoked at any time if the disability shall be removed, and said substitute shall thereupon be restored to the substitute roll.

(i) The compensation from the relief fund for members of the department and their dependents under the previous subsections of this section shall apply in determining the amounts of such com-

89

pensation to be paid hereafter, irrespective of when the right to receive compensation from said relief fund accrued in the first instance.

(j) The secretary of the board of trustees shall record all proceedings and votes taken by said board in reference to said fund and payments therefrom, stating the name and vote of each member of said board of trustees upon any matter relating thereto.

(k) Any member of the fire department who shall neglect or refuse to pay whatever assessments may be laid by said board of trustees shall not be entitled to any benefits from said fund.

(l) The board of trustees shall have power to make all rules and regulations necessary to carry the foregoing provisions into effect.

(m) The term "member of the fire department" as used in this section shall be construed to include all regular male employees of the fire department of the City of Hartford who are under the jurisdiction of the board of fire commissioners of said city.

(n) All payments of compensation heretofore made or provided for from the firemen's relief fund are validated and continued in force.
(Sp. Laws 1941, Act No. 527, Ch XXVII, § 235; Sp. Laws 1943, Act No. 327, § 3; Sp. Laws 1943, Act No. 358; Sp. Laws 1943, Act No. 177; Sp. Laws 1945, Act No. 308; Sp. Laws 1957, Act No. 477)

## FLOOD CONTROL

### GREATER HARTFORD FLOOD COMMISSION

### Sec. 33. Grant of authority.

The City of Hartford shall have power to act for the elimination, prevention and control of flooding and flood damage in the territory drained by the Park River and its tributaries, and the territory adjacent thereto, and for the protection and improvement of areas within such territory heretofore or hereafter affected by such damage. All such power shall be exercised in the name and on behalf of the city by or under authority of the flood control commission created by section 3 [section 35 of this Appendix] of this act.
(Sp. Laws 1955, Act No. 72, § 1; Sp. Laws 1957, Act No. 292, § 1)
Cross reference—Authority of city to construct flood protection works in, over and upon Broad Street armory grounds, Appendix, § 53.

### Sec. 34. Transfer of powers and duties.

The powers and duties conferred upon the Hartford Flood Commission by section 236 of number 547 of the Special Acts of 1941, as amended, are transferred to the flood control commission created pursuant to section 3 [section 35 of this Appendix] of this act and shall be exercised and performed by it or under its authority, in the manner and according to the procedures prescribed in this act.
(Sp. Laws 1955, Act No. 72, § 2)
Note—See section 52 of this Appendix.

### Sec. 35. Creation of commission; membership.

There is created a flood control commission consisting of seven (7) members, to be known as the Greater Hartford Flood Commission. Such members shall be appointed by the governor, four (4) from among the electors residing in Hartford and one (1) each from the towns of Bloomfield, Newington and West Hartford. Vacancies in the commission shall be filled by appointment by the governor from the electors of such city or towns.
(Sp. Laws 1955, Act No. 72, § 3; Sp. Laws 1957, Act No. 292, § 2)

### Sec. 36. Chairman; secretary; meetings; records; compensation; expenses.

The flood control commission shall elect a chairman from among its members and a secretary, who may but need not be a member, and shall meet at such intervals as it may from time to time consider necessary for the discharge of its duties. Special meetings of the commission may be held at any time at the call of the flood control director appointed under the provisions of section 5 [section 37 of this Appendix] of this act or of the chairman of the commission, or in such other manner as may be provided by vote of the commission. A record of all meetings of the commis-

sion shall be kept by the secretary. The members shall serve without compensation but shall be entitled to reimbursement for actual and necessary expenses incurred in the performance of their duties.
(Sp. Laws 1955, Act No. 72, § 4)

### Sec. 37. Flood control director.

There is created the office of flood control director, which shall be held by a licensed civil engineer who shall be appointed by the flood control commission solely on the basis of his actual experience in and knowledge of flood control matters. The director shall serve at the pleasure of the flood control commission and shall perform such tasks and duties as in its judgment may thus be appropriately discharged. The director shall report to the commission on all action taken by him under this act and shall provide the commission with other information which it may request to carry out its duties. All pension rights and other employment benefits accruing to any officer or employee of the City of Hartford who is appointed or transferred to perform duties under this act shall continue to vest and accrue during the period of such appointment or transfer. Any other employee employed to perform such duties shall be entitled during the period of such employment to all such rights and benefits as the city may grant its own regular employees.
(Sp. Laws 1955, Act No. 72, § 5; Sp. Laws 1957, Act No. 292, § 3)

### Sec. 38. Personnel; assigning duties to city departments; corporate duties and obligations; bids on certain contracts; auditor of accounts.

The flood control commission may employ personnel and fix salaries in accordance with such rules and regulations as it may adopt, and may also assign, subject to the approval of the city manager, to the department of public works and the department of engineering of the City of Hartford, to be carried out under its supervision, such tasks and duties as in its judgment may thus be appropriately discharged. In furtherance of the purposes of this act it may engage engineers, counsel and other professional advisers and specialists, may sue and be sued in the name of the city and may, in the name and on behalf of the city, enter into contracts, including contracts with the United States of America, this state, and any other city, town or other political subdivision of this state, for the purchase of materials, supplies and equipment, for the performance of any construction or other work and for any other purposes under this act. Whenever any work shall be necessary to execute or perfect any public work or improvement, or whenever any supplies for the flood commission shall be needed for any particular purpose and such work or supplies shall involve the expenditure of more than ten thousand dollars ($10,000.00), except in the case of an emergency to be determined by the flood control commission, a written contract for such work or supplies shall be made under such regulations as the commission may establish, which contract, except contracts with the United States, this state, or any city, town or other political subdivision of the state, shall be based on competitive sealed bids made in compliance with public notice, duly advertised by publication, in a daily newspaper of general circulation in the County of Hartford, at least five (5) days before the time fixed for opening such bids or proposals. The director of finance of the City of Hartford shall annually inspect and audit the accounts and records of financial transactions maintained by the commission.
(Sp. Laws 1955, Act No. 72, § 6; Sp. Laws 1957, Act No. 292, § 4)

### Sec. 39. General powers and duties.

For fulfillment of the purposes of this act the flood control commission, or the flood control director with the approval of the flood control commission, may in the name and on behalf of the city (a) provide for, construct or arrange for the construction of, supervise, operate, maintain and dispose of dikes, flood control reservoirs, storm sewers and storm sewer systems, walls, embankments, conduits, bridges, highways, roads, sidewalks, pumping and flood control stations and other works, structures and appurtenances; (b) close or relocate any town or city street, road or passway at any time affected or threatened by flood damage; (c) establish and alter stream lines with respect to lands found to have been so affected or threatened; (d) construct artificial chan-

nels or improve natural channels within such stream lines; (e) determine the manner in which and extent, if any, to which any land may be filled or any structures or improvements erected, maintained or retained within such stream lines; (f) purchase, take or otherwise acquire lands and interests therein found to have been so affected or threatened or to be otherwise necessary to provide water storage, to preserve the same or to carry out any work or project authorized by this act; (g) maintain, improve, arrange for the maintenance and improvement of, lease, sell or otherwise dispose of such land and interests therein; and (h) make such regulations as appear advisable. In the carrying out of any work the flood control commission may use such parts of any park or other public area as may be necessary. All real and personal estate acquired, held or used by said commission for purposes of this act shall be exempt from taxation.

(Sp. Laws 1955, Act No. 72, § 7; Sp. Laws 1959, Act No. 389)

### Sec. 40. Petition for taking of property.

In any case of the taking of private property for any of the purposes of this act, if the flood control commission and the owner or owners of such property cannot agree upon the amount to be paid for such property, then the flood control commission shall, in the name and on behalf of the City of Hartford, prefer its petition for the taking of such property under section 7181 of the general statutes to the superior court for Hartford County. If in any such proceedings it shall at any time be alleged that the public interest will be prejudiced by delay in permitting the plaintiff to enter immediately upon and take possession of such property, the hearing and determination of such issue shall take precedence over all other matters to the same extent as actions brought by or on behalf of the state.

(Sp. Laws 1955, Act No. 72, § 8)

### Sec. 41. Notice of assessments.

Notice of intention to proceed under this act with any work or improvement, for part or all of the cost of which benefits are to be assessed by the city, shall be mailed by the city clerk by registered or certified mail to the owner or owners of the lands to be assessed for benefits, at the address of such owner or owners appearing on the assessment records of the city or town where such lands are located, and shall be published by the city clerk in one daily newspaper of general circulation in the County of Hartford. Each such notice shall include a general description of the lands to be assessed for benefits and an estimate of the cost of such work or improvement. Thirty (30) days having expired after the mailing and publication of such notice, the flood control commission may proceed with the actual layout and construction of such work or improvement without regard to subsequent proceedings concerning the assessment of benefits and damages.

(Sp. Laws 1955, Act No. 72, § 9)

**Editor's note**—Section 7181 now codified as section 48-12 Revision of 1958, General Statutes.

### Sec. 42. Notice to establish or alter stream.

Notice of intention to establish or alter any stream line under this act shall be mailed by the city clerk by registered or certified mail to the owner or owners of the lands wholly or partly included within such stream line, at the address of such owner or owners appearing on the assessment records of the city or town where such lands are located, and shall be published by the city clerk in one (1) daily newspaper of general circulation in the County of Hartford. Each such notice shall include a general description of the lands wholly or partly included in such stream line. Thirty (30) days having expired after the mailing and publication of such notice, the flood control commission may proceed with the establishment or alteration of such stream line without regard to subsequent proceedings concerning the assessment of benefits and damages.

(Sp. Laws 1955, Act No. 72, § 10)

### Sec. 43. Proceedings for assessments, etc.

Proceedings for assessment of benefits and damages under this act, for publication and notice thereof and appeals therefrom, and for the establishment and continuance of liens upon lands against which benefits are assessed shall be the same as are provided in the case of benefits and damages assessed by the director of public works under sections 3 and 4 of Chapter XI of Number

30 of the Special Acts of 1947, as amended, except that the powers and duties there conferred upon the director of public works shall under this act be exercised and performed by the flood control commission, or by the flood control director with the approval of the flood control commission.
(Sp. Laws 1955, Act No. 72, § 11)

### Sec. 44. Budget appropriation by city.

The court of common council of the City of Hartford is authorized to appropriate as a part of the budget of the city, upon the recommendation of the flood control commission, such sums as in the judgment of the council may be necessary or advisable for the operation of the flood control commission and the administration of this act. All unexpended funds heretofore made available to the Hartford Flood Commission may be applied for the purposes of this act in such manner as the flood control commission, either by regulation or otherwise, may determine.
(Sp. Laws 1955, Act No. 72, § 12)

### Sec. 45. Debt limitation.

To meet the cost of any public improvements duly recommended by the flood control commission, the City of Hartford shall have power, without regard to any limitation imposed by the general statutes or any special act respecting the amount, dating, interest or maturity of any debt and without approval by the voters of the city, to authorize and issue from time to time in its discretion not in excess of twenty million dollars ($20,000,000.00) aggregate principal amount of bonds, notes or other certificates of debt, in accordance with the provisions of the charter of the city concerning the authorization and issuance of bonds, except as such provisions are made inapplicable by this act. Such bonds, notes or other certificates of debt shall not be included in computing the aggregate indebtedness of the city in respect to any limitation upon the indebtedness of the city.
(Sp. Laws 1955, Act No. 72, § 13; Sp. Laws 1957, Act No. 292, § 5; Sp. Laws 1959, Act No. 205)

### Sec. 46. Contracts with other cities and towns.

The flood control commission, in the name and on behalf of the City of Hartford, may, if it deems it advisable for the fulfillment of the purposes of this act, enter into contracts with any other city, town or other political subdivision lying wholly or partly within the territory drained by the Park River and its tributaries, and the territory adjacent thereto, for the exercise and performance by such other city, town or subdivision within its corporate limits of such of the powers and duties conferred by this act upon the City of Hartford and the flood control commission as such contracts may respectively provide. Except as may be otherwise limited in any such contract, such other city, town or subdivision shall have and enjoy with respect to any such contract, and in aid thereof, all such powers herein conferred upon the City of Hartford and the flood control commission as may be necessary or appropriate for the performance thereof, and such powers shall be exercised in the name and behalf of such other town, city or subdivision and not in the name and behalf of the City of Hartford or the flood control commission. Without limiting the generality of the foregoing, such powers shall include power to assess benefits and damages, to make appropriations for the whole or any part of the costs to be incurred under any such contracts and power to issue bonds, notes or other certificates of debt from time to time, without regard to any limitation imposed by the general statutes or any special act respecting the amount, dating, interest or maturity of any debt, to meet the cost of any public improvement carried out or to be carried out under any such contracts; but the making of such appropriations and the issuance of such bonds, notes or other certificates of debt shall be in accordance with the provisions of the charter of such other city, town or subdivision, except as such provisions are made inapplicable by this act.
(Sp. Laws 1955, Act No. 72, § 14; Sp. Laws 1957, Act No. 292, § 6)

### Sec. 47. Grant of authority to cities and towns lying within drainage of Park River.

Subject to the limitations which ensue from the powers granted by this act, each city, town and municipal district lying wholly or in part within the territory drained by the Park River and its tributaries shall have all the powers relating to

the layout, making and establishing of dikes to prevent the inundation of said territory or any part thereof and relating to the protection thereof from flooding and flood damage and the raising or filling of low grounds, swamps and stagnant areas and the construction of necessary drainage-regulating devices, including pumping stations and equipment, drainage ditches, wells and storage basins, which said cities, towns and municipal districts respectively have or would have had if this act had not been adopted.
(Sp. Laws 1955, Act No. 72, § 15)

### Sec. 48. Delegation of powers to flood control commission by city.

The court of common council of the City of Hartford may, by ordinance approved by the affirmative votes of at least six (6) of the members, delegate to the flood control commission any powers held or which may be held by any commission, department, office or agency of said city.
(Sp. Laws 1955, Act No. 72, § 16)

### Sec. 49. Annual reports.

At the second meeting of the court of common council to be held in January of each year, and at the next regular meeting of the respective governing bodies of the towns of West Hartford, Bloomfield and Newington, the flood control commission shall file a report of its activities for the preceding year. All such reports shall be kept as public records and open to public inspection.
(Sp. Laws 1955, Act No. 72, § 17)

### Sec. 50. Powers subject to approval by cities and towns.

Anything in this act to the contrary notwithstanding, no powers under this act may be exercised by the flood control commission without the approval of the legislative body of the town within the territorial limits of which the commission proposed to exercise such power.
(Sp. Laws 1955, Act No. 72, § 18)

### Sec. 51. Amendments.

This act shall not be subject to amendment in the manner provided by section 3 of Chapter XX [Chapter XXI] of Number 30 of the Special Acts of 1947.
(Sp. Laws 1955, Act No. 72, § 19)
Editor's note—Act No. 641 of the Special Laws of 1957 renumbered Chapter XX as XXI.

## Chapter XXVIII (Charter 1941)

### SPECIAL COMMISSIONS

### Sec. 52. Charter 1941, section 236, as amended.

*Sec. 236. The flood commission.* (a) *Organizations, expenses, officers, vacancies, powers.* There shall be in the City of Hartford a commission charged with the investigation of problems resulting from the flooding of the Connecticut or Park River or connected with the improvement of areas heretofore affected by the flooding of said rivers and with the preparation of plans for the layout or construction of dikes, walls, embankments, highways, bridges, pumping stations or other public works or improvements for the prevention of floods or for the general improvement of said areas. Said commission shall be known as the "Flood Commission" and shall have twelve (12) members. The commissioners shall serve without compensation, but they shall be entitled to reimbursement for their actual and necessary expenses incurred in the performance of their official duties. As first constituted, the members shall be the mayor, ex officio, and the eleven (11) members appointed by the mayor to the flood investigation and improvement commission created by resolution of the court of common council, adopted April 13, 1936. When a vacancy shall occur in said commission by death, resignation, refusal to serve or other cause, such vacancy shall be filled by appointment by the mayor in accordance with the provisions of the charter relating to the appointment of commissioners. Said commission may select from among its members a chairman, a vice chairman, and a secretary and it may employ such other officers, agents, consulting engineers, committees, assistants and employees, permanent and temporary, as it may require, and shall determine their qualifications and duties. Such officers, agents, consultants, committees, assistants and employees shall be paid for their services such sums as may be fixed by the commission and appropriated by the court of common

council. The department of engineering of the City of Hartford shall make all surveys, maps, plans, drawings, specifications and estimates requested by the flood commission, in accordance with the charter of the City of Hartford.

(b) *Dikes and drainage works, subject to commission approval; additional approval of controlling boards.* Said city is authorized to dike the west bank of the Connecticut River and the banks of the Park River; to provide for flood control reservoirs on the Park River; to provide for the control of said rivers in flood season either by walls, dikes, embankments or conduits or by pumping and, in order to accomplish said purposes, said city may construct or arrange for the construction of public works in the nature of dikes, embankments, walls, reservoirs, pumping stations or drainage works or otherwise in the city itself or in any of the towns adjoining said city, and may acquire such land, easements or appurtenances as may be necessary therefor. The proceedings under any resolution for the construction of any such dike or other public work authorized by this act or to carry out any of the purposes of this act shall be as provided in an act in relation to appraisals and assessments in the City of Hartford, approved March 19, 1877, as amended by acts approved May 7, 1917, and June 2, 1921, provided no such public work authorized by this act shall be commenced or substantially altered without the recommendation and approval of said flood commission. In the carrying out of such work, said city may use such parts of Bushnell, Riverside, Colt or Pope Park, or other park areas or lands controlled by other city boards or commissions as may be necessary, subject to the approval of the board of park commissioners or the board or commission controlling such land. Without limiting the generality of the foregoing, the city is specifically authorized to take and hold in fee simple that portion of Colt Park bounded northerly by land formerly of Colt's Patent Fire Arms Manufacturing Company, easterly by the Connecticut River, southerly by other land of said city, and westerly in part by Van Dyke Avenue and in part by land of the trustees of the property of The New York, New Haven and Hartford Railroad Company, and to grant to the State of Connecticut, its successors and assigns, a perpetual right-of-way for highway purposes across said land and to grant to the trustees of the property of The New York, New Haven and Hartford Railroad Company, their successors and assigns, a perpetual easement to construct, operate and maintain a railroad, railroad tracks or other structures necessary or useful in the service of transportation over and upon said land.

(c) *Benefits and damages; appeals.* All appeals taken from any appraisal of damages or assessments of benefits made by the board of street commissioners of the City of Hartford under the provisions of this act shall be to the superior court for Hartford County or to a judge of said court. As many of the parties interested as may choose to do so may join in such appeal and, when separate appeals shall be taken by different parties from one (1) assessment and appraisal, all such appeals shall be heard and tried as one (1) cause. Appeals may be taken from the assessment of benefits only, but, if taken from the appraisal of damages, shall be from such appraisal and also from the assessment of benefits made at the same time and for the same public work. Such appeals shall be taken within ten (10) days after public notice shall be given of such appraisal or assessment and shall be by suitable petition in writing, setting forth the whole of such assessment or appraisal and assessment appealed from, and asking for a reappraisal and reassessment or for a reassessment alone, with a citation attached thereto, signed by any authority authorized to sign writs, and returnable before said superior court for Hartford County or before a judge of said court, at two o'clock in the afternoon on the day three (3) weeks subsequent to the day on which public notice of such appraisal shall have been given, and such citation shall be served upon the clerk of said city at least six (6) days before the return day thereof. Such appeals may be heard by a judge of the superior court, but shall, upon the motion of any party thereto or persons interested therein, be referred to a committee or referee for hearing. If, upon the hearing of any appeal, the court, judge, committee or referee shall find cause to alter such appraisal and assessment, or assessment of benefits alone, then said court or such judge, committee or referee shall proceed to reapportion the whole amount of the damages and benefits or benefits alone upon the persons or lands specially benefited. If the court, judge, committee or referee hearing such appeal shall be of the opinion that

persons other than those who appear upon the record are interested in the subject matter of such appeal, said court or such judge, committee or referee shall cause the appellants to give notice of the pendency of the proceedings to such other persons, which notice shall be by publication in one (1) or more newspapers published in said city for such time and in such form as said court or such judge, committee or referee shall direct. Such judge, committee or referee shall have, for the purpose of disposing of such appeal, all the powers of the superior court and may render judgment thereon and may tax costs in favor of either party and issue execution for such costs, to be taxed as upon civil process in the superior court. Said court or judge, committee or referee shall, when the proceedings in any case arising under this act shall have been closed, return all the papers connected with the case to the clerk of said city, to be by him kept on file.

(d) *Appropriations.* For the carrying out of such public works as recommended by the flood commission, the court of common council is authorized to appropriate, without reference to or approval by the voters at a city meeting, such sums, not to exceed five million dollars ($5,000,000.00) in the aggregate, as in its judgment may be necessary or advisable to carry out the aforesaid public purposes.

(e) *Bonds for payment of improvements.* The City of Hartford shall have power to issue bonds, notes or other certificates of debt, from time to time, in its discretion, in accordance with the provisions of the charter of said city concerning the issuing of bonds, to meet the cost of any public improvement duly recommended by the flood commission and authorized by the court of common council.

(f) *Appeal from resolution to take property.* After the adoption by the flood commission of a resolution declaring that the acquisition of any real property described therein is necessary for the purposes authorized by this act, any person aggrieved by such resolution may appeal to the superior court for Hartford County or to a judge of said court, in accordance with the provisions relating to appeals from appraisals and assessments set forth in section three of this act.

(g) *Reservation of powers not expressly delegated.* The City of Hartford, the court of common council and the board of street commissioners of said city, subject to the limitations which ensue from the powers granted by this act to the flood commission, shall have all the powers relating to the layout, making and establishing of dikes to prevent the waters of the Connecticut River or the Park River from inundating or overflowing said city, or any part thereof, and relating to the protection of the north and south meadows or the raising or filling of low grounds, swamps or stagnant pools thereon, which said city, said court of common council or said board of street commissioners have or would have had under the various provisions of the charter of said city if this act had not been adopted. Said city, said council and said board of street commissioners, subject to the limitations which ensue from the powers granted by this act to the flood commission, shall also have all the powers relating to the construction of necessary drainage-regulating devices, including pumping stations and equipment, drainage ditches, wells and storage basins.

(h) *Rights and powers.* The flood commission shall have all the powers necessary or convenient to carry out the provisions and purposes of this act, including the power to enter into agreements and contracts with the United States of America, this state, The Metropolitan District having its territorial limits within the County of Hartford, and any other municipality of this state, in behalf of the City of Hartford; to sue and be sued and in the name of the City of Hartford; to make and execute contracts and other instruments in behalf of the City of Hartford and necessary or convenient to the exercise of the powers conveyed by this act; to sell, lease or use land taken for flood protection or stream-regulating purposes; to make and, from time to time, amend or repeal bylaws, rules and regulations not inconsistent with this act, to carry into effect the powers and purposes conveyed by this act.

(i) *Delegation of powers.* The court of common council of the City of Hartford may delegate to the flood commission any powers held or which may be held by any other commission, board or department of the City of Hartford.

96

(j) *Notice and publication of benefits; commencement and duration of liens.* Upon the final layout or completion of the construction of any public work or improvement authorizied by this act, the board of street commissioners shall give notice thereof that such benefits are due and payable, by publication twice in two (2) daily newspapers published in the City of Hartford, and all benefits assessed therefor shall be immediately due and payable. If the actual cost of the construction of any public work or improvement shall be less than the sum estimated by the board of street commissioners and assessed upon the parties benefited, each of the parties so assessed shall be entitled to a proportionate deduction from his assessment. Such benefits shall be a lien upon the land on account of which they were assessed, which lien shall commence and attach to such land from the time of the passage by the court of common council of the vote laying out or ordering the construction of such work or improvement; provided the same shall not remain a lien thereon for a longer period than three (3) months from the date of the last publication of the notice of the final layout or completion of such work or improvement, and provided the benefits assessed therefor are due and payable, unless the board of street commissioners shall, within that time, lodge with the town clerk of the Town of Hartford for record, a certificate, signed by the clerk of said board, describing the premises, the amount assessed and the public work or improvement for which it was assessed.

(k) *Supervision of authorized work.* After the layout of any public work authorized by this act, construction and maintenance of such public work shall be under the direction of the flood commission, unless the charter of the City of Hartford shall otherwise provide, or unless, upon the recommendation of the flood commission, the court of common council shall otherwise direct.

(l) *Reports and recommendations.* At the second meeting of the court of common council to be held in January of each year, the flood commission shall file with the court of common council a report of its activities for the preceding year, and shall make such recommendations as it may deem necessary or advisable to carry out the purposes of this act. All such reports and recommendations shall be kept as public records and open to public inspection.

(m) *Sections of this act to be interpreted separately.* If any provision of this act, or the application of such provision to any person or circumstances, shall be held invalid, the remainder of the act and the application of such provision to persons or circumstances other than those as to which it shall have been held invalid shall not be affected thereby.
(Sp. Laws 1941, Act No. 527, Ch. XXVIII, § 236; Sp. Laws 1943, Act No. 80)

  Editor's note—Section 236 of the 1941 Charter Revision was continued in force and effect by section 5, Charter XVIII, Act No. 30, Sp. Laws 1947. Said section 5 was repealed by Act No. 106, Sp. Laws 1959. However, old section 236 is retained herein for its historical interest. The duties prescribed herein are transferred to the commission created by Sp. Laws 1955, Act No. 72, and Sp. Laws 1957, Act No. 292 (§ 35, this Appendix). See § 34, this Appendix.
  Cross reference—Powers and duties of the flood commission transferred to the flood control commission for the Greater Hartford area, Appendix, § 34.

### Sec. 53. Flood protective works on Broad Street armory grounds.

The State of Connecticut hereby gives to the City of Hartford the right to construct and maintain flood protective works in, over and upon the Broad Street armory grounds lying westerly of the Park River in Hartford.
(Sp. Laws 1945, Act No. 214)