UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

ELENA POMA

    VS.                                                      CIVIL 3:02CV543(MRK)

CITY OF HARTFORD/
HEALTH DEPARTMENT

RULING ON DEFENDANT'S VERIFIED BILL OF COSTS

Judgment entered for the defendant on April 12, 2004, after a ruling entered granting defendant's motion for summary judgment. Defendant filed a Verified Bill of Costs on May 17, 2004. No objection has been filed. For the reasons stated below, the defendant's verified bill of costs is granted in part and denied in part.

    A. <u>FEES FOR COURT REPORTER</u>: Defendant is entitled to costs for an original and one copy of a transcript and any court reporter attendance fees, to be taxed at the prevailing page rate pursuant to Local Rule 80. Pursuant to Vol. VI, Chap. XX of the "Guide to Judiciary Policies and Procedures", maximum transcript rates for an original and one copy are $3.75 per page. Postage and handling and charges for delivery of transcripts are not recoverable as costs, <u>Wahl v Carrier Mfg. Co., Inc.</u> 511 F.2d 209, 217 (7th Cir.,1975). Deposition transcripts are taxable if used at trial in lieu of live testimony, for cross-examination, for impeachment, or in support of a successful motion for summary judgment pursuant to Local Rule 54(c)2(ii).

    Defendant submitted a claim for the deposition transcripts of the plaintiff, Elena Poma, held on February 13, 2003, in the amount of $774.25 and on March 27, 2003,

in the amount of $416.95. These claims are reduced to $740.00 and $402.50, respectively, eliminating the charges for exhibit copies and postage/delivery and calculating the page rate @ $3.75 per page.

Defendant submitted a claim for the deposition transcript of Katherine M. McCormack held on June 19, 2003, in the amount of $213.59. Supporting documentation for the deposition transcript, Invoice #27524 from Niziankiewicz & Miller Reporting, does not reflect the page rate or number of pages. Therefore the claim for this deposition transcript is disallowed without prejudice to renewal within ten days upon the submission of supporting documentation reflecting the number of pages and page rate charged.

Defendant submitted a claim for the deposition transcripts held on April 29, 2003, of Richard Lauerman, Ph.D. and Neil Liebowitz, M.D., in the amount of $424.88. This claim is reduced to $297.50, eliminating the charge for an additional copy for witnesses to read and postage/delivery charges and calculating the page rate @ $3.75 per page.

The total claim for court reporter's fees is allowed in the amount of $1,440.00.

B <u>FEES FOR WITNESSES</u>: Witness fees for attendance at a deposition are taxable if the deposition is a taxable costs, Local Rule 54(c)4(i). Fees for expert witnesses are taxable at the same rates as any other witness. Defendant submitted a claim for expert witness fees for Dr. Laurerman and Dr. Liebowitz in the amount of $600.00. This claim is reduced to $40.00 for each witness, which is the statutory witness fee, for a total of $80.00.

D. <u>SUMMARY</u>:   For the reasons previously stated, the defendant's bill of costs is allowed as follows:

| | |
|---|---|
| FEES FOR COURT REPORTER | $1,440.00 |
| FEES FOR WITNESSES | 80.00 |
| TOTAL | $1,520.00 |

Pursuant to Local Rule 54(d), the parties may appeal this decision to the presiding judge within five days of the entry of this ruling.

Dated in New Haven, Connecticut, this 21st day of June, 2004.

                                                        KEVIN F. ROWE, CLERK

                                                        BY:
                                                            Lori Inferrera
                                                            Deputy-in-Charge